Filed 12/26/13  P. v. Cianci CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALLAN JOSEPH CIANCI,<br><br>        Defendant and Appellant. | A138854<br><br>(San Mateo County<br>Super. Ct. No. SC076123A) |

In this case, defendant Allan Joseph Cianci entered no contest pleas to an information filed by the San Mateo County District Attorney.  His appellate counsel has made an independent review of the proceedings below and concluded the record reflects no meritorious claims for an appeal.  He has advised defendant of his conclusion and advised Cianci he may file supplemental papers raising issues he believes merit appellate review.  Cianci has not filed any such pleadings.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 119, and *People v. Wende* (1979) 25 Cal.3d 436, counsel asks this court to conduct an independent review of the record.  We have done this review and find no issues meriting further appellate consideration.

**STATEMENT OF THE CASE**

In an information filed on July 23, 2012, defendant was charged with possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) (count 1); misdemeanor use of force or violence on a peace officer in violation of Penal Code section 243, subdivision (b) (count 2); two counts of misdemeanor resisting or obstructing a police officer in violation of Penal Code

section 148, subdivision (a)(1) (counts 3 and 4); two misdemeanor counts of possession of controlled substance paraphernalia in violation of Health and Safety Code section 11364.1 (counts 5 and 7); and possession for sale of a controlled substance (methamphetamine) in violation of Health and Safety Code section 11378 (count 6). Regarding count 6, the information alleged four prior felony convictions within the meaning of Penal Code section 1203, subdivision (e)(4); two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b); and one prior serious or violent felony conviction within the meaning of Penal Code section 1170.12, subdivision (c)(1). At his arraignment on July 25, 2012, defendant pled not guilty, and denied all allegations and priors.

On February 13, 2013, defendant moved to dismiss count 6 on the grounds of multiple prosecutions under the Fifth Amendment of the United States Constitution and article I, section 15 of the California Constitution, Penal Code section 654, and *Kellett v. Superior Court* (1966) 63 Cal.2d 822. The trial court denied the motion to dismiss on March 5, 2013.

Defendant withdrew his not guilty pleas on March 19, 2013. He entered no contest pleas to count 3, a violation of Penal Code section 148, subdivision (a)(1), and count 6, a violation of Health and Safety Code section 11378. As part of the bargain, defendant admitted as part of count 6 one prior serious or violent felony conviction within the meaning of Penal Code section 1170.12, subdivision (c)(1). For his pleas, a promise was made the maximum sentence of up to 32 months in state prison would be imposed. All remaining counts, allegations, and enhancements would be dismissed. Furthermore, the trial court would entertain a motion to dismiss the prior allegation under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). Both orally on the record, and in his written plea form, defendant specifically waived his constitutional

rights under *Boykin-Tahl*.[1]  Trial counsel agreed with the waiver of rights and stipulated there was a factual basis for the no contest pleas.

On April 30, 2013, defendant made his motion pursuant to *Romero.*  The prior felony was assault with a deadly weapon, a violation of Penal Code section 245, subdivision (a)(1) in the County of San Mateo in 2006.  The trial court denied the *Romero* motion on May 14, 2013.   The trial judge denied probation and sentenced defendant to the mitigated term of 16 months on count 6.  The sentence was doubled to 32 months pursuant to Penal Code section 1170.12, subdivision (c)(1).  The court also sentenced defendant to a concurrent sentence of 30 days for his no contest plea to count 3.  Additionally, the court imposed certain fines and other statutory conditions based on the convictions here.

Defendant filed a timely notice of appeal on May 31, 2013.  The appeal is from a final judgment after a no contest plea and is based on the sentence.  (Pen. Code, § 1237; Cal. Rules of Court, rule 8.304(b)(4)(B).)

**STATEMENT OF FACTS**

**A.  *Misdemeanor Resisting an Officer (Count 3)***

On April 6, 2012 at 10:50 p.m., Daly City Police Officer William Tone stopped defendant on Skyline Boulevard in San Mateo County for speeding and because the license plate on defendant's motorcycle was not illuminated.  Defendant advised the officer, when questioned regarding his nervousness, that he had two ounces of marijuana in his backpack.  After a consent search, the drugs were found.  During the stop, defendant resisted and pushed Officer Tone into his patrol vehicle, and hit him in the mouth.   Eventually, the men struggled on the ground.  After additional officers arrived Defendant was subdued and cuffed.

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).

3

**B.** *Possession of Methamphetamine for Sale (Count 6)*

On April 13, 2012, California Highway Patrol Officer Salaun made a traffic stop for speeding on Highway 280 in San Bruno, California. Defendant was driving the car. He was also cited for driving without a license, no proof of insurance, and invalid transfer of vehicle registration.

While the initial citation process was being conducted, a passing citizen advised the officer defendant had tossed something onto the shoulder of the road before Salaun stopped his car. Officer Salaun checked the area initially but found no items. After citing and releasing defendant, the officer looked further. He found a pouch where the citizen had pointed. It contained a scale, plastic baggies, a bag of marijuana and a bag of methamphetamine. This pouch was confirmed by the citizen as the object tossed by defendant. The bag contained 21.21 grams of methamphetamine.

## DISCUSSION

We have reviewed the record here. Defendant was properly advised of his rights before entering the no contest pleas. The facts support each of the two pleas. The trial court exercised its discretion in denying defendant's *Romero* motion. We affirm the judgment.

_____
Dondero, J.

We concur:


_____
Margulies, Acting P.J.


_____
Becton, J.*


---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5