[Sac. No. 7689.   In Bank.   Jan. 5, 1966.]

ELMER GORDON KELLETT, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Kenneth M. Wells, Public Defender, and Michael S. Sands, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Real Party in Interest.

TRAYNOR, C. J.—On October 15, 1964, officers of the Sacramento Police Department, called to the scene of a disturbance, arrested petitioner who was standing on a public sidewalk with a pistol in his hand. On that day he was charged in the municipal court with committing a misdemeanor in violation of Penal Code section 417 (exhibiting a firearm in a threatening manner). On November 17, 1964, after a preliminary hearing at which it appeared that petitioner had been convicted of a felony, he was charged by information in the superior court with committing a felony in violation of Penal Code section 12021 (possession of a concealable weapon by a person who has been convicted of a felony).

On January 20, 1965, petitioner pleaded guilty to the charge of violating section 417 and was sentenced to 90 days in the county jail. On January 26, 1965, he moved in the superior court to dismiss the information charging a violation of section 12021 on the ground that it was barred by Penal Code section 654.[1] The motion was denied, and petitioner now seeks a writ of prohibition to prevent his trial.

Petitioner contends that exhibiting and possessing the pistol constituted a single act and that therefore his prosecution for violating section 12021 is barred by his conviction of violating section 417. The Attorney General contends that even if the evidence at petitioner's preliminary hearing did not show possession apart from that involved in the section 417 violation, it is reasonable to infer that petitioner possessed the pistol for some time before exhibiting it and that at his trial a separate act of possession within the meaning of section 654 may be readily established.

If only a single act or an indivisible course of criminal conduct is charged as the basis for a conviction, the defendant can be punished only once although he may have violated more than one statute. Whether a course of criminal conduct is divisible and therefore gives rise to more than one

---

[1]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

act within the meaning of section 654 depends on the intent and objective of the actor. (*Neal* v. *State of California*, 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].)

Penal Code section 954 provides for the joinder in a single accusatory pleading of two or more offenses connected in their commission or having a common element of substantial importance in their commission. (*People* v. *Scott*, 24 Cal.2d 774, 778-779 [151 P.2d 517].) Had both offenses been joined in a single prosecution, the People might have shown that the object and intent of the petitioner in brandishing the weapon and his object in possessing it were entirely unrelated. The People might also have shown that the petitioner's possession of the weapon extended to a time beyond that during which he was observed brandishing it. If both were proved, the tests set forth in *Neal* for distinguishing a divisible transaction would be met and punishment for each offense permitted.[2]

We pointed out in *Neal*, however, that ''Section 654's preclusion of multiple prosecution is separate and distinct from its preclusion of multiple punishment. The rule against multiple prosecutions is a procedural safeguard against harassment and is not necessarily related to the punishment to be imposed; double prosecution may be precluded even when double punishment is permissible.'' (*Neal* v. *State of California*, 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839].) Thus, the punishment clause of section 654 does not apply when a single act of violence causes injury to several persons. A defendant who blows up an airplane killing all on board or commits an act that injures many persons is properly subject to greater punishment than a defendant who kills or harms only a single person. It does not follow, however, that such a defendant should be liable to successive prosecutions. It would constitute wholly unreasonable harassment in such circumstances to permit trials seriatim until the prosecutor is

---

[2]Since neither the offense proscribed by section 417, nor that proscribed by section 12021 is necessarily included within the other, either as defined in those sections or as pleaded against the petitioner (*People* v. *Marshall*, 48 Cal.2d 394 [309 P.2d 456]), his prosecution for violating section 12021 is not barred by the prohibition against double jeopardy. (Cal. Const., art. I, § 13; Pen. Code, § 1023.) If one offense cannot be committed without necessarily committing another, the latter is a necessarily included offense. (*People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512].) A violation of section 417 can be committed without violating section 12021, and a violation of section 12021 can be committed without violating section 417.

satisfied with the punishment imposed. ■ ■ By a series of amendments to section 954 that have greatly expanded the scope of permissible joinder, the Legislature has demonstrated its purpose to require joinder of related offenses in a single prosecution.[3] In addition to preventing harassment, joinder avoids needless repetition of evidence and saves the state and the defendant time and money.[4] (*People* v. *Scott*, 24 Cal.2d 774, 779 [151 P.2d 517]; *Neal* v. *State of California, supra,* at p. 21. See also A.L.I. Model Penal Code, Tent. Draft No. 5, com. p. 34; Remington & Joseph, *Charging, Convicting and Sentencing the Multiple Criminal Offender,* 1961 Wis.L.Rev. 528, 551-552; Mayers & Yarbrough, *Bis Vexari: New Trials and Successive Prosecutions,* 74 Harv.L. Rev. 1; Kirchheimer, *The Act, the Offense and Double Jeopardy,* 58 Yale L.J. 513, 525; Comments, 50 Cal.L.Rev. 853; 11 Stan.L.Rev. 735, 65 Yale L.J. 339.)

There has been growing concern that both criminal defendants and the public fisc are entitled to protection from successive prosecutions for closely related crimes. In 1961 the State of Illinois adopted a new criminal code that requires joinder of all known offenses based on the same act. (Ill. Rev. Stat. 1963, ch. 38, par. 3-3.) This requirement significantly alters Illinois law that had permitted successive trials of a defendant for each of three murders committed at one time until ultimately the death penalty was imposed. (*People* v. *Ciucci,*

---

[3] Section 954 does not distinguish felonies and misdemeanors in its provisions for joinder. It therefore authorizes the joinder of a misdemeanor count and a felony count in a prosecution in the superior court. (*People* v. *Bundte,* 87 Cal.App.2d 735, 744 [197 P.2d 823].) To the extent that it is inconsistent with this opinion, *People* v. *Rodriguez,* 202 Cal.App.2d 191 [20 Cal.Rptr. 556], is disapproved.

[4] The needless harassment and waste of time and money of both the state and the defense arising from separate trials of closely related offenses is forcefully illustrated by *People* v. *Majors,* 65 Cal. 138 [3 P. 597, 52 Am.St.Rep. 295]. Majors counseled and advised another to commit a robbery during the course of which two persons were killed. Although the killings occurred at the same time and the same evidence established that Majors was guilty of murder for each killing, he was separately tried and convicted of each crime. At that time, however, section 954 of the Penal Code provided that an indictment or information could charge only one offense. Accordingly, to insure that Majors could be punished for both murders, it was necessary for the court to hold that Majors' trial and conviction for the murder of one victim did not bar an essentially repetitive trial and conviction for the murder of the other victim. Since section 954 now provides that an ''accusatory pleading may charge two or more different offenses connected together in their commission,'' there is no longer any justification for repetitive trials such as those sanctioned in the *Majors* case.

8 Ill.2d 619 [137 N.E.3d 40].) The United States Supreme Court, although affirming that conviction, clearly warned that prosecution of closely related individual offenses at separate trials may constitute an impermissible denial of that fundamental fairness required by the due process clause of the Fourteenth Amendment. (*Ciucci* v. *Illinois,* 356 U.S. 571, 575 [78 S.Ct. 839, 2 L.Ed.2d 983]. See also *Hoag* v. *New Jersey,* 356 U.S 464, 467 [78 S.Ct. 829, 2 L.Ed.2d 913] ; see *Abbate* v. *United States,* 359 U.S. 187, 196 [79 S.Ct. 666, 3 L.Ed.2d 729] [Brennan, J., concurring].) Applying its new statute, the Illinois Supreme Court recently ruled that it is inconsistent with fundamental fairness to try defendants previously convicted of murder for the essentially simultaneous murder of another victim. The court emphasized that the state could have had no other motive for the second prosecution than to substitute the opinion of the prosecutor for that of the original jury as to the adequacy of the punishment. (*People* v. *Golson,* 32 Ill.2d 398 [207 N.E.2d 68].)

If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted.

When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence.[5]

We recognize that in many places felonies and misdemeanors are usually prosecuted by different public law offices and that there is a risk that those in charge of misdemeanor prosecutions may proceed without adequately assessing the seriousness of a defendant's conduct or considering whether a felony prosecution should be undertaken. When

---

[5]To the extent that *People* v. *Wilson,* 224 Cal.App.2d 738 [37 Cal.Rptr. 42], is inconsistent with this conclusion it is disapproved.

the responsibility for the prosecution for the higher offense lies with a different public law office there is also the risk that a well advised defendant may plead guilty to a misdemeanor to foreclose a subsequent felony prosecution the misdemeanor prosecutor may be unaware of or may choose to ignore. Cases may also arise in which the district attorney is reasonably unaware of the felonies when the misdemeanors are prosecuted. In such situations the risk that there may be waste and harassment through both a misdemeanor and felony prosecution may be outweighed by the risk that a defendant guilty of a felony may escape proper punishment. Accordingly, in such cases section 654 does not bar a subsequent felony prosecution except to the extent that such prosecution is barred by that section's preclusion of multiple punishment.

█ It bears emphasis, however, that the risk that a defendant guilty of a felony may escape proper punishment as a result of a conviction of a lesser offense is inherent in the preclusion by section 654 of multiple punishment. █ Thus, if an act or course of criminal conduct can be punished only once under section 654, either an acquittal or conviction and sentence under one penal statute will preclude subsequent prosecution in a separate proceeding under any other penal statute. (*People* v. *Tideman,* 57 Cal.2d 574, 587 [21 Cal.Rptr. 207, 370 P.2d 1007].) A conviction and sentence for petty theft would therefore bar a subsequent prosecution for burglary of premises entered with intent to commit that theft, since only a single act within the meaning of section 654 would be involved. (*People* v. *McFarland,* 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449].) Essentially the same risk exists under the doctrine of double jeopardy, for a conviction or acquittal of a lesser included offense is a bar to a subsequent prosecution for the greater including offense. (*People* v. *Greer,* 30 Cal.2d 589, 597 [184 P.2d 512] ; *People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416].) Accordingly, to avoid these risks it has always been necessary for prosecutors carefully to assess the seriousness of a defendant's criminal conduct before determining what charges should be prosecuted against him. By emphasizing the importance of such assessment, our holding herein will not open the door to the escape of defendants from punishment for serious crimes because of convictions or acquittals of closely related minor crimes. It should tend instead to reduce the

risk that they may escape such punishment by invoking the double jeopardy doctrine or the bar of section 654.

Let the peremptory writ of prohibition issue as prayed.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

The petition of the real party in interest for a rehearing was denied February 2, 1966, and the opinion was modified to read as printed above.