HOLMES, P. J.
I concur because I do not believe the doctrine of Kellett v. Superior Court, supra, 63 Cal.2d 822, was meant to apply to the kind of offenses presently classified as infractions. (See In re Johnson (1965) 62 Cal.2d 325, 336 [42 Cal.Rptr. 228, 398 P.2d 420]; Mills v. Municipal Court (1973) 10 Cal.3d 288, 303-308 [110 Cal.Rptr. 329, 515 P.2d 273].) In the overwhelming majority of infraction cases the primary interest of the accused will be served by expedition in disposal. Caught up in the crush of traffic court business, the prosecutor is in no position to make the final decision regarding other possible offenses that is required by Kellett. If he later determines to file a new charge the defendant will have to appear again; but this will happen so seldom, relative to the volume of business, that the harassment sought by Kellett to be prevented will not be a significant factor. A contrary rule would impede that swift disposal of infraction cases which is the chief reason for classifying them as such. This view finds support in section 1042.5 of the Penal Code where trial of an infraction and a related misdemeanor in separate proceedings is authorized.