THE PEOPLE OF THE TERRITORY OF GUAM

v.

ROBERT LOUIS TERHUNE, Defendant

Criminal Case No. 12-78

Superior Court of Guam

April 18, 1978

WEEKS, *Judge*

### ORDER OF DISMISSAL

This is defendant's motion to dismiss a felony drunk driving information on the grounds that it violates § 654, Guam Penal Code—prohibition against multiple prosecutions. The defendant has not raised the constitutional issue of double jeopardy.

California has a statute identical to § 654, Guam Penal Code. The seminal interpretation of that statute is *Kellett v. Superior Court*, 63 Cal.2d 822, 409 P.2d 206 (1966). In that case the defendant pled guilty to exhibiting a firearm, a misdemeanor, and was subsequently indicted for being a felon in possession of a firearm, a felony. The Court granted a writ of prohibition dismissing the indictment, ruling that "When, as here, the prosecution is or should be aware of more than one offense in which *the same*

*act or course of conduct plays a significant part,* all such offenses must be prosecuted in a single proceeding. . . . Failure to unite all such offenses will result in a bar to subsequent prosecution of any offenses omitted if the initial proceedings culminate in either acquittal or conviction and sentence," *Kellett v. Superior Court,* supra at 827.

Joinder in the case at hand is permitted under § 954, Guam Penal Code; clearly, the act and course of conduct of the defendant failing to yield at a stop sign will play a "significant part" in his prosecution for both the offense of failing to yield and felony drunk driving. The one act resulted in two offenses.

This was the conclusion of the controlling case of *In re Dennis B.,* 18 Cal.3d 687, 557 P.2d 514 (1976). The facts of this case are nearly identical to those of this one. The defendant there received a citation for improper lane change and was indicted for manslaughter resulting therefrom. The defendant was found guilty of the traffic violation and set forth § 654, California Penal Code, as a bar to the felony prosecution.

The California Supreme Court accepted without comment that the two offenses arose out of the same criminal act, but held that § 654 was not a bar because the District Attorney did not know, nor should he have known, of the two prosecutions.

There, as here, there was no evidence that any one Assistant Attorney General was actually aware of both prosecutions, especially in light of the summary procedure for prosecuting traffic offenses.

In deciding whether or not the District Attorney should have known, the Court held in light of the circumstances the District Attorney was not unreasonable in not being aware of the two offenses. Those circumstances *are* that the potential for harassment and defendant's expense to defend a traffic offense are minimal. Further, the state has a sub-

519

stantial interest in maintaining the summary nature of traffic prosecutions. Also, the Court held that to deny the state the opportunity to prosecute a major felony would be a gross unfairness under any circumstances.

CONCLUSION

Even though both offenses arise out of the same criminal course of conduct an essential element justifying dismissal under § 654 is absent; that the state knew or should have known about both offenses before the defendant's conviction. Basically, California in *In re Dennis B.* has decided as a matter of public policy that prior conviction for a traffic accident should not act as a bar to prosecution of an additional major felony.