Filed 7/3/13  P. v. Webb CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD ANGE WEBB,<br><br>    Defendant and Appellant. | 2d Crim. No. B244619<br>(Super. Ct. No. 2011002379)<br>(Ventura County) |

On April 3, 2012, Donald Ange Webb pled guilty to one count of first degree residential burglary.  (Pen. Code, § 459.)[1]

On June 25, 2012, the trial court granted Webb's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, for the purpose of appointing new counsel to review the validity of his plea.

Webb, through his new counsel, filed a written motion to withdraw his plea.  Webb's motion alleged:  He pled guilty to receiving stolen property in

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

Fresno County. While in custody on that charge, he learned that Ventura County was investigating him for a burglary. A detective obtained a DNA sample from Webb pursuant to a warrant. The property he acquired during the burglary was the same property he pled guilty for receiving. Webb sent a written notice pursuant to section 1381 to the Ventura County District Attorney's office requesting that the matter be brought to trial. Because there was no pending case in Ventura County at the time, the district attorney did not respond. The instant case was filed in Ventura County while Webb was out on parole. Webb claimed his section 1381 rights were frustrated, and that the case should have been dismissed under *Kellett v. Superior Court* (1966) 63 Cal.2d 822, 828.

Webb attached a letter to the motion alleging he received ineffective assistance of counsel in that he was not advised his plea of guilty to violating section 459 would constitute a strike and that his counsel failed to challenge the DNA warrant.

The trial court denied Webb's motion to withdraw his plea. The court sentenced Webb to the low term of two years. With the application of presentence credit the sentence was deemed served.

Webb obtained a certificate of probable cause and appeals the denial of his motion.

We appointed counsel to represent Webb in this appeal. After counsel's examination of the record, she filed an opening brief raising no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 442.)

Webb filed a letter in propria persona requesting that we review the transcript of the *Marsden* motion.

We have reviewed the entire record and are satisfied Webb's attorney has fully complied with her responsibilities and that no arguable issues exist.

2

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

Nancy L. Ayers, Judge

Superior Court County of Ventura

_____


Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.