Filed 9/30/13  P. v. Guzman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Mono)

----

| | |
|---|---|
| THE PEOPLE, | C071557 |
| Plaintiff and Respondent, | (Super. Ct. No. MFE06005704) |
| v. | |
| JORGE GUZMAN, | |
| Defendant and Appellant. | |

Defendant was found in possession of methamphetamine and a stolen laptop in a 2006 traffic stop.  He was charged in Mono County with second degree burglary and a warrant for his arrest was issued the following day.  Six years later in 2012, he was convicted of receiving stolen property in this case following a court trial.  The trial court sentenced defendant to a three-year state prison term concurrent to another prison term in an unrelated case.

On appeal, defendant contends:  1) prosecution was barred by the statute of limitations; 2) prosecution was barred under Penal Code section 654 and *Kellett v.*

1

*Superior Court* (1966) 63 Cal.2d 822; 3) the trial court did not obtain a waiver of defendant's right to jury trial; and 4) ineffective assistance of counsel. Addressing only the third contention, we reverse the judgment of conviction and remand for further proceedings.

## BACKGROUND

In October 2006, defendant was stopped near Bishop, California for driving over 100 miles per hour. A computer stolen from a resort in Mono County was found in the trunk, along with methamphetamine and indicia of drug sales.

After his 2006 arrest in this case defendant was prosecuted in Inyo County for drug possession in an unrelated case in which he pled no contest and was sentenced to six years in state prison on February 8, 2007.

On February 9, 2012, defendant, who was then serving a state prison term in an unrelated case from Los Angeles County, sent a demand for trial on the 2006 burglary charge to the Mono County District Attorney. Defendant was transported to Mono County and a preliminary examination on the second degree burglary charge was held on April 10, 2012. The trial court determined there was insufficient evidence to hold defendant over for burglary, but held defendant over on an added count of receiving stolen property.

During a pretrial conference, defense counsel told the trial court defendant was prepared to waive his right to a jury trial and have a court trial. The prosecutor and the trial court accepted the waiver. Defendant was present at the hearing; he was not advised of his right to a jury trial and did not give an oral or written waiver of that right. Defendant was subsequently tried and convicted in a bench trial.

## DISCUSSION

Defendant contends his conviction must be reversed because he was tried by the trial court without giving an adequate waiver of his right to a jury trial. The People concede the point. We accept the concession.

2

A criminal defendant has a fundamental right to a trial by jury under both the federal and state Constitutions. (*People v. Ernst* (1994) 8 Cal.4th 441, 444-445.) "A defendant's waiver of the right to jury trial, as with other fundamental rights, may be accepted by the court only if knowing and intelligent—made with a full awareness of the nature of the right being waived and the consequences of the waiver. In addition, the waiver must be voluntary. [Citation.]" (*People v. Smith* (2003) 110 Cal.App.4th 492, 500.) It must be made by the defendant himself in open court and may not be implied. (*People v. Martin* (1980) 111 Cal.App.3d 973, 979.)

Defendant's jury trial waiver is invalid because it was made by counsel rather than defendant. Since violation of the jury trial right is not subject to harmless error analysis (*People v. Collins* (2001) 26 Cal.4th 297, 310-311), we shall reverse the conviction and remand for further proceedings.

The People do not address defendant's contentions regarding whether the prosecution is barred under the statute of limitations or *Kellett.* Neither do we.

Defendant did not file a reply brief asking us to address these issues. Since they were never brought to the trial court's attention, we will allow the trial court to address these issues on remand. Accordingly, if the People choose to retry defendant, the trial court shall first address whether the prosecution is barred under the statute of limitations or *Kellett.*[1]

---

[1] In light of this disposition, it is not necessary to consider defendant's contention that trial counsel was ineffective in failing to raise the statute of limitations or *Kellett* defenses.

DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.  If the People choose to retry defendant, the trial court shall first determine whether prosecution is barred by the statute of limitations or Penal Code section 654 and the rule of *Kellett v. Superior Court, supra*, 63 Cal.2d 822 before allowing a retrial.


     ROBIE     , J.


We concur:


     HULL     , Acting P. J.


     MAURO     , J.