Filed 11/14/13  P. v. Kao CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072749 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F05472) |
| v. | |
| WEILI KAO, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we note an error requiring correction of the abstract and affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 11, 2004, defendant Weili Kao was at home with her stepdaughter, six-year-old Truly Lo and defendant's 16-month-old biological daughter while her husband,

1

Truly's father, was working in the Bay Area. Defendant beat Truly with a plastic hanger, pulled her ears, and slapped her. She also knocked Truly to the floor twice, causing her head to strike the floor both times and strangled her to the point of unconsciousness. Defendant later put Truly to bed.

Defendant was unable to wake Truly the following morning. She called two friends and asked the difference between a sleeping and unconscious child. After one of the friends advised her to take Truly to the hospital, defendant changed her clothes, dropped her own child off at her sister's house, and then took Truly to the hospital. As a result of the attack, Truly was in a persistent vegetative state, but managed to breathe on her own after life support was removed three days later.

In case No. 04F04427, defendant was convicted by a jury of three counts of corporal injury to a child (Pen. Code, § 273d, subd. (a))[1] and one count of willful cruelty to a child (§ 273a, subd. (a)) with enhancements for great bodily injury (§ 12022.7) and personal use of a deadly weapon (§ 12022, subd. (b)(1)), and sentenced to 16 years six months in state prison.

On December 23, 2010, Truly died as a result of the injuries inflicted by defendant.

Defendant was charged with murder (§ 187) and assault on a child under the age of eight with force likely to produce great bodily injury resulting in death (§ 273ab, subd. (a)) and enhancements for personal use of a deadly weapon (§ 12022, subd. (b)(1)). After the trial court denied defendant's section 654 and once in jeopardy motion, the information was amended to strike the deadly weapon enhancement allegations and defendant pleaded no contest to second degree murder with the understanding that three years of custody credits for her time in prison on the prior charges would be waived. The

---

[1] Undesignated statutory references are to the Penal Code.

2

trial court sentenced defendant to 15 years to life, stayed the sentence on the counts in case No. 04F04427 pursuant to section 654, and awarded 1,774 days' credit, consisting of 1,579 days' state prison time, 195 days' presentence time and no conduct credit. (§ 2933.2.)

Defendant obtained a certificate of probable cause and appealed.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief which asserts the trial court erred in denying her motion to dismiss the section 273ab charge. She relies on the rule of *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*), and section 194.

"An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).) Applying section 654, in *Kellett*, the Supreme Court held: "[w]hen, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827.) Defendant argues she should have been charged with section 273ab in the first prosecution, and therefore a later prosecution for this offense is barred by *Kellett* and section 654.

3

This rule does not apply when the prosecution does not or could not know of an offense at the time of the original prosecution. (*People v. Scott* (1997) 15 Cal.4th 1188, 1202.) For example, a guilty plea to rape and attempted murder does not bar prosecution for murder when the victim dies after the plea. (*Id.* at pp. 1201-1202.) Here, the child's death is an element of section 273ab.[2] Since the child did not die until after the first prosecution, section 654 and the *Kellett* rule do not bar a subsequent prosecution for violating section 273ab.

Defendant's contention regarding section 194 is also without merit. Section 194 provides in pertinent part: "To make the killing either murder or manslaughter, it is not requisite that the party die within three years and a day after the stroke received or the cause of death administered. If death occurs beyond the time of three years and a day, there shall be a rebuttable presumption that the killing was not criminal. The prosecution shall bear the burden of overcoming this presumption." Defendant claims this bars the later prosecution of section 273ab.

By its terms, section 194 applies only to murder and manslaughter. Moreover, the prosecution rebutted the presumption at the preliminary hearing by establishing that that the injuries Truly sustained on May 11, 2004 resulted in complications that were a direct cause of her death. Thereafter, defendant entered a plea to the murder charge and the prosecution was not required to provide any further proof on this issue.

---

[2] Section 273ab, subdivision (a) states: "Any person, having the care or custody of a child who is under eight years of age, who assaults the child by means of force that to a reasonable person would be likely to produce great bodily injury, resulting in the child's death, shall be punished by imprisonment in the state prison for 25 years to life. Nothing in this section shall be construed as affecting the applicability of subdivision (a) of Section 187 or Section 189."

4

There is an error in the abstract.  Even though the trial court ordered the sentence in case No. 04F04427 stayed, the stay is not reflected in the abstract of judgment.  We shall direct the trial court to prepare a corrected abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment reflecting that the sentence in case No. 04F04427 was stayed pursuant to section 654 and to forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.

MURRAY            , Acting P. J.

We concur:

DUARTE            , J.

HOCH            , J.

5