Filed 2/20/14  P. v. Robledo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

        v.

RODOLFO ROBLEDO,

    Defendant and Appellant.

F066510

(Super. Ct. No. 12CM3328)

**OPINION**

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Larenda R. Delaini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Franson, J. and Peña, J.

Defendant Rodolfo Robledo was charged by two separate complaints for crimes he committed on the same day. On appeal, he contends the trial court should have dismissed the second complaint pursuant to *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*). We will affirm.

## BACKGROUND

### The Crimes

On August 17, 2012, at approximately 2:48 a.m., California Highway Patrol (CHP) Officer Stover and his partner were on routine patrol, driving a marked patrol vehicle. They noticed a pickup truck driving ahead of them and weaving in a pronounced pattern. The truck turned into a gas station and Officer Stover activated the lights as he initiated a traffic stop. The truck, however, sped out of the gas station, failed to stop at red lights, and accelerated to speeds in excess of 100 miles per hour. The truck made a turn and began to lose control in the dirt shoulder. It recovered and again accelerated to over 100 miles per hour. The truck failed to stop as it crossed both directions of a state highway and continued until it turned onto a dirt road. The truck turned onto a ditch bank, lost control, partially slid down the embankment, and became disabled. The officers approached the truck as the driver, defendant, attempted to free the truck by aggressively accelerating back and forth. The officers yelled orders to defendant to turn off the engine and raise his hands, but he refused to obey any of the commands and still did not comply when Officer Stover threatened to use the taser. Officer Stover discharged the taser at defendant's chest, but the darts could not penetrate his clothing. Defendant was able to free the truck and accelerate away on the ditch bank. The officers attempted to follow the truck, but the large amount of dust and debris raised by the truck prevented them from locating it. The local sheriff's department and police department assisted at the end of the pursuit, which had covered a total of 14 miles. The search failed to produce any results.

2.

At about 4:30 a.m., a deputy located the abandoned truck, stuck in the mud on a dirt road. About twenty minutes later, the truck's passenger contacted the sheriff's department to turn himself in.

At approximately 9:40 a.m., defendant contacted a rancher about five miles from the abandoned truck. After the rancher allowed defendant to use his cell phone to call his girlfriend, the rancher contacted the sheriff's department to describe the suspicious circumstances of how defendant contacted him and was covered in mud.

At approximately 9:52 a.m., Deputy Speer arrived on the scene and contacted defendant, who was covered in mud from the waist down. Defendant informed him he was a parolee at large. The deputy took defendant into custody. The deputy contacted CHP because he was aware of the earlier pursuit and knew one suspect was still outstanding. The deputy believed defendant could be that suspect. Defendant identified himself as Jesus Robledo and gave a certain birthday. He continued to state the same name, but he changed his birthday repeatedly as he spoke to different deputies. Eventually, the deputies discovered his identity based on his tattoos.

At about 6:00 p.m., Officer Stover arrived at the county jail. He immediately identified defendant as the driver of the truck he had pursued that morning. Defendant claimed to have no idea about the pursuit. The truck was determined to have been stolen. Officer Stover listed five charges on the jail's booking sheet.

***The Complaints and the Pleas***

On August 20, 2012, the Kings County District Attorney filed a complaint charging defendant with resisting a peace officer, Deputy Speer (Pen. Code, § 148, subd. (a)(1)).[1] On August 22, 2012, the district attorney amended the charge to providing false information to a peace officer, Deputy Speer (§ 148.9), and defendant pled guilty to this charge. He informed the court that he gave a false identification to try to avoid the

---

[1] All statutory references are to the Penal Code unless otherwise noted.

3.

parole revocation.  The court determined "this [was] probably all part of his parole issues" and the court decided it was "just going to give him credit for time served in this case."  The trial court sentenced him to 12 days in county jail, which equaled his time served.

A second complaint was filed on September 7, 2012.  The Kings County District Attorney charged defendant with vehicle theft (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen vehicle (§ 496d, subd. (a); count 2), evading a pursuing officer's vehicle with a willful and wanton disregard for the safety of persons and property (Veh. Code, § 2800.2, subd. (a); count 3), misdemeanor driving with a suspended license (Veh. Code, § 14601.2, subd. (a); count 4), and misdemeanor resisting a peace officer, Officer Stover (§ 148, subd. (a)(1); count 5).  The complaint further alleged that defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served four prior prison terms (§ 667.5, subd. (b)).

Defendant filed a motion to dismiss pursuant to section 654 and *Kellett*, *supra*, 63 Cal.2d 822.  The trial court denied the motion, stating:

> "The Court considers this very carefully[;] the authority cited by both the prosecution and the defense are appropriate to the facts of this case.  The situation perhaps if it were only the evading would be much stronger for the defense.  However, the prosecution's argument of the seven hours['] difference, the fact that the auto theft, possession of stolen property is [a] completely separate offense.  That offense was completed, the defendant managed to evade the original officer[, Officer Stover], and that is what is set forth in this case.  And then he was free, and then later[,] seven hours later[,] he [was] located and committed the second offenses, lying about his identity.

> "The Court finds it to be separate offenses[,] distinct, it was not one continuing course of conduct….  This was many hours after the completion of the auto theft, possession of stolen property, and the initial evading that was charged.  This is hours later after those crimes were completed when he was located by the second officer[, Deputy Speer], and the offense where he lied to that … officer about his identity….  It falls on the facts,

4.

and that is the Court's interpretation of the facts, and therefore the motion is denied."

Defendant pled no contest to evading a pursuing officer's vehicle with a willful and wanton disregard for the safety of persons and property (Veh. Code, § 2800.2, subd. (a); count 3) and misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 5), and he admitted a prior strike conviction. The trial court sentenced him to the upper term of three years on count 5, doubled to six years for the prior strike conviction, plus 289 days on count 3, to run concurrently to the sentence on count 5.

## DISCUSSION

Section 654, subdivision (a) provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. *An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.*" (Italics added.) Section 954 provides for joinder of offenses connected together in their commission or offenses of the same class.

In *Kellett*, the court stated: "When … the prosecution is or should be aware of more than one offense *in which the same act or course of conduct plays a significant part*, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827, italic added, fn. omitted.) The *Kellett* rule is a procedural one that is designed to prevent harassment and to save unnecessary use of the state's and defendants' time and resources. (*In re Dennis B.* (1976) 18 Cal.3d 687, 692, 694.)

Whether the *Kellett* rule applies must be determined on a case-by-case basis. (*People v. Valli* (2010) 187 Cal.App.4th 786, 797) "What matters … is the totality of the

5.

facts, examined in light of the legislative goals of sections 654 and 954, as explained in *Kellett.*" (*People v. Flint* (1975) 51 Cal.App.3d 333, 336.)

In *Kellett,* the defendant was arrested for standing on a public sidewalk with a pistol in his hand. He was first charged in municipal court with misdemeanor exhibiting a firearm in a threatening manner. After a preliminary hearing revealed that the defendant had previously been convicted of a felony, he was charged in superior court with felony possession of a concealable weapon. He pled guilty to the misdemeanor and then moved to dismiss the felony information on the ground that it was barred by section 654. (*Kellett, supra,* 63 Cal.2d at p. 824.) The motion was denied, and the defendant sought and obtained a peremptory writ of prohibition to prevent his trial. (*Id.* at pp. 824, 829.)

In interpreting sections 654 and 954 in conjunction with the due process clause of the Constitution, the *Kellett* court stated: "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted." (*Kellett, supra,* 63 Cal.2d at p. 827.)

In this case, we conclude substantial evidence supported the trial court's determination that defendant's crime of giving a false identity to Deputy Speer was separate from the crimes he committed and completed many hours earlier in the day. He had already successfully evaded capture after the earlier crimes, without any need to falsely identify himself. The same act or course of conduct did not play a significant part in the earlier and later crimes, the evidentiary overlap between the earlier and later crimes was trivial, and proof of the earlier and later crimes was sufficiently distinct (requiring different officers as witnesses) to permit separate prosecutions. (See *People v. Hurtado*

(1977) 67 Cal.App.3d 633, 636-637 [while the defendant was being handcuffed for drunk driving, he took cigarette package, later found to contain heroin, from his jacket and placed it between his legs; "evidentiary pictures which had to be painted to prove the drunk driving and narcotics offenses were sufficiently distinct so as to permit separate prosecutions"; "[s]uch a trivial overlap of the evidence … does not mandate the joinder"].)

The trial court did not err by refusing to dismiss the charges in the second complaint and allowing separate prosecutions.

## **DISPOSITION**

The judgment is affirmed.