Filed 12/16/15

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S216648 |
| v. | ) | |
| | ) | Ct.App. 4/2 E052297 |
| RICHARD JAMES GOOLSBY, | ) | |
| | ) | San Bernardino County |
| Defendant and Appellant. | ) | Super. Ct. No. FSB905099 |
| _____ | ) | |

## ORDER MODIFYING OPINON AND
## DENYING PETITION FOR REHEARING

THE COURT:

The opinion herein, filed on October 15, 2015, published at 62 Cal.4th 96, is modified as follows:

In 62 Cal.4th at page 103, immediately before the last paragraph in part II, three new paragraphs are added, reading as follows:

Defendant argues that if the Court of Appeal was correct in holding that the evidence was insufficient to support the charge of arson of an inhabited structure, it necessarily follows that the trial court should have entered a judgment of acquittal of that charge without submitting it to the jury.  Had that occurred, he notes, the jury would not have been instructed on arson of property as a lesser included offense, and *Kellett*, *supra*, 63 Cal.2d 822, would have barred a later prosecution for arson of property.  Therefore, he argues, *Kellett* necessarily bars his reprosecution on that charge.

1

If the trial court had had the benefit of the Court of Appeal's opinion, however, its most likely ruling on a motion for judgment of acquittal would not have been to grant the motion, but rather to have amended count one of the information, which charged defendant with "the crime of arson of an inhabited structure, in violation of Penal Code section 451[, subdivision] (b)," to instead charge him with "the crime of arson of an inhabited structure *or inhabited property*, in violation of Penal Code section 451[, subdivision] (b)." (Italics added.)

An information may be amended "for any defect or insufficiency, at any stage of the proceedings," so long as the amended information does not "charge an offense not shown by the evidence taken at the preliminary examination." (§ 1009.) "If the substantial rights of the defendant would be prejudiced by the amendment, a reasonable postponement not longer than the ends of justice require may be granted." (*People v. Witt* (1975) 53 Cal.App.3d 154, 165.) If there is no prejudice, an amendment may be granted "up to and including the close of trial." (*People v. Graff* (2009) 170 Cal.App.4th 345, 361; see *People v. Fernandez* (2013) 216 Cal.App.4th 540, 554; *People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1580-1581.) Here, because the prosecution presented strong evidence both at the preliminary hearing and at trial that defendant burned *either* an inhabited structure *or* inhabited property, which is all that section 451, subdivision (b) requires, it is unlikely that defendant could have shown that the amendment described above would have prejudiced his rights. Had the trial court amended the information, defendant could properly have been convicted of violating section 451, subdivision (b), leaving him far worse off than he currently is.

This modification does not change the judgment.

The petition for rehearing is denied.

2