Filed 2/24/22  P. v. Parish CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALEB DANIEL PARISH,<br><br>    Defendant and Respondent. | 2d Crim. No. B312011<br>(Super. Ct. No. 2020027525)<br>(Ventura County) |

The People appeal an order dismissing this prosecution against Caleb Daniel Parish, pursuant to Penal Code sections 654 and 1385 and *Kellett v. Superior Court* (*Kellett*) (1966) 63 Cal.2d 822, 827.[1]  We affirm.

This appeal concerns successive prosecutions against Parish for criminal offenses regarding identity theft and fraud against multiple victims.  Parish challenged the second prosecution on *Kellett* grounds.  The trial court agreed and dismissed the prosecution, leading to the People's appeal.

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY*

On March 25, 2020, Parish was arrested and later charged by a four-count felony complaint with identity theft regarding victim John P., false personification of John P., grand theft from Furniture City, and misdemeanor identity theft regarding John P. (§§ 530.5, subd. (a), 529, 487, subd. (a), 530.5, subd. (c)(1).) The prosecution was numbered Case No. 2020009833 (*33 or "the first case"). Evidence in the case was obtained through execution of a March 25, 2020, search warrant of Parish's apartment, vehicle, computer, and cellular telephone. The sheriff's deputies executing the search warrant discovered checks and identification in the names of other persons among Parish's property. Parish's telephone was later analyzed and found to contain identifying information regarding other people.

Five months later, Parish pleaded guilty to identity theft regarding John P. (count 1), and grand theft of property belonging to Furniture City (count 3). (§§ 530.5, subd. (a), 487, subd. (a).) Parish accepted a plea agreement of 120 days of confinement and 36 months of formal probation. Sentencing was scheduled for September 24, 2020, which was six months following Parish's arrest. Outside the courthouse on that day and prior to sentencing, however, Parish was again arrested and later charged by felony complaint with possession of personal identifying information of more than 10 people, and four counts of identity theft of victim V.U. (§ 530.5, subds. (a), (c)(3).) This prosecution is the present case, Case No. 2020027525 (*25 or "the present case").

Parish filed a motion to dismiss the present case on *Kellett* grounds. The trial court agreed and stated that the second prosecution violated "the spirit" of *Kellett*. The court reasoned

2

that had the prosecutor amended the charges in the first case to add the counts pertaining to victim V.U., Parish would not have pleaded guilty ("it would have affected his decision").

The People appeal and contend that *Kellett* does not apply where the offenses are committed at separate times and locations or where the evidence required to prove the offenses differs. (*People v. Ochoa* (2016) 248 Cal.App.4th 15, 32, 36.)

*DISCUSSION*

The People argue that the trial court improperly dismissed the four counts pertaining to victim V.U. because they involve separate conduct within the meaning of section 654 and *Kellett*. The People assert that the criminal offenses against John P. and those against V.U. were committed at different times and different places. Several of the charged offenses involving V.U. occurred in 2019, a year prior to execution of the search warrant.

The *Kellett* rule requires the prosecution to prosecute all offenses of which it is aware that arise from the same act or course of conduct in a single proceeding. (*People v. Lohbauer* (1981) 29 Cal.3d 364, 373; *Kellett, supra*, 63 Cal.2d 822, 827.) "A defendant who blows up an airplane killing all on board or commits an act that injures many persons is properly subject to greater punishment than a defendant who kills or harms only a single person. It does not follow, however, that such a defendant should be liable to successive prosecutions. It would constitute wholly unreasonable harassment in such circumstances to permit trials seriatim until the prosecutor is satisfied with the punishment imposed." (*Kellett*, at pp. 825-826.) The trial court determines the application of the *Kellett* rule on a case-by-case basis. (*People v. Britt* (2004) 32 Cal.4th 944, 955, cited by *People v. Correa* (2012) 54 Cal.4th 331.)

The trial court properly dismissed the four counts in the Case No. *25 prosecution because, as the court impliedly found, the prosecution involved the same course of conduct as in Case No. *33. In each case, Parish fraudulently obtained credit in another's name based upon identity theft. (§ 530.5, subd. (a).) Evidence of the offenses committed against victim V.U. was obtained in part from the cellular telephone seized during execution of the March 25, 2020, search warrant. The prosecution investigator who testified at the preliminary examination also stated that V.U.'s "items," among those of many other persons, were located in the residence during the March 25 search. The rule against multiple prosecutions is a procedural safeguard against harassment. (*Kellett, supra,* 63 Cal.2d 822, 825-826 [the *Kellett* rule prevents harassment, avoids repetition of evidence, and saves the state and defendant time and money].)

"When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett, supra,* 63 Cal.2d 822, 827.)

*DISPOSITION*

The order of dismissal is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:

PERREN, J.          TANGEMAN, J.


4

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Erik Nasarenko, District Attorney, and W. Taylor Waters, Deputy District Attorney, for Plaintiff and Appellant.

Claudia Y. Bautista, Public Defender, and Thomas M. Hartnett, Deputy, for Defendant and Respondent.