Filed 3/12/26  P. v. Holinaty CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085864 |
| v. | (Super.Ct.No. INF2400950) |
| PAUL MARC COLIN HOLINATY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dean Benjamini and Susanne S. Cho, Judges.  Affirmed.

Paul Marc Colin Holinaty, in pro. per.; and Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Paul Marc Colin Holinaty appeals from the judgment following his guilty plea to assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b); unlabeled statutory citations refer to this code) and false imprisonment (§ 236).  We appointed counsel to

1

represent Holinaty on appeal, and counsel filed an opening brief that raised no issues and requested an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.  After counsel filed the *Wende* brief, we advised Holinaty that he could file a personal supplemental brief, which he has done.  We reject Holinaty's arguments, and our independent review of the record revealed no arguable issues that would result in a more favorable disposition.  We therefore affirm.

BACKGROUND

The following factual summary is based on Holinaty's motion in the trial court to dismiss his case pursuant to *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*) and the People's opposition to the motion.

On March 1, 2023, the owner of a 2013 Chevrolet Captiva reported to the Cathedral City Police Department that Holinaty stole the vehicle between 11:00 p.m. and 12:00 a.m. the previous night.  At approximately 1:21 p.m., officers from the Desert Hot Springs Police Department found the vehicle and saw Holinaty get out and walk into a nearby transient camp.  The officers arrested him.  When arrested, he possessed a live nine-millimeter round and methamphetamine.  A handgun and the keys to the vehicle were found nearby.  The passenger window of the vehicle was "shattered out," and there was a spent nine millimeter shell casing inside on the floorboard.

On March 2, 2023, the People charged Holinaty in case No. INF2300327 with possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1) and other "various felonies."

Four days later, Riverside County Deputy Sheriff James spoke to Jane Doe, who reported that she had been kidnapped and held against her will. Doe told James that six to nine days earlier she had accepted a ride from a man known as "Horse" and an "unknown companion." They drove to "several houses," and "[e]ventually [Doe] and ['Horse'] got into a 2013 Chevrolet Captiva." He drove her to Desert Hot Springs, "made sexual comments," and "asked her to perform sexual acts." She tried to leave, but he took out a handgun and told her to get back inside the car. When she said, "no," he fired a shot toward her head and threatened to kill her if she did not get in the car. She got in, and he continued to ask her to "perform sexual acts," stopping only when "good Samaritans intervened."

On March 13, 2023, during an unrelated incident, James learned about a man named Holinaty who went by the nickname "Horse." The following day, Riverside County Investigator Kelly was assigned to investigate Doe's report, and he learned about case No. INF2300327. Kelly continued to investigate, and he searched for Doe.

In April 2023, Holinaty pled guilty in case No. INF2300327 to possession of a controlled substance while armed (Health & Saf. Code, § 11370.1).

Kelly found Doe in August 2023, and he entered his report for the district attorney's consideration in February 2024. In May 2024, the People filed the complaint

3

in case No. INF2400950, charging Holinaty with assault with a semiautomatic firearm (§ 245, subd. (b)), false imprisonment (§ 236), and unlawful possession of a firearm by an addict and felon (§ 29800, subd. (a)(1)). The People alleged that he personally used a firearm in the commission of the assault and false imprisonment counts (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)). They further alleged numerous aggravating factors, including that he was ineligible for probation pursuant to subdivision (e)(4) of section 1203, his prior convictions were numerous and increasing in seriousness, and he engaged in violent conduct. (Cal. Rules of Court, rules 4.413(c), 4.421(a)(2), (b)(1)-(2), (5).)

In January 2025, Holinaty pled not guilty to all charges, and he denied the enhancement allegations. Later that month, the People amended the complaint to add a count alleging that he stole a vehicle on or about February 28, 2023, in violation of Vehicle Code section 10851, subdivision (a), and that he had committed two prior vehicle thefts with conviction dates of January 2, 2021, and April 24, 2023.

In February 2025, Holinaty filed a motion to dismiss the case pursuant to *Kellett*. At the hearing on the motion, defense counsel argued that as of March 21, 2023, Holinaty's identification "was not an issue as per Investigator Kelly's report." Counsel contended that Kelly "had everything he needed at that point in time to submit to the prosecutors so that these same charges that are being alleged today could be filed." The court asked defense counsel whether "there [was] any evidence that this particular prosecutor had the knowledge as opposed to the law enforcement officer." Defense counsel acknowledged that she did not know whether law enforcement communicated the

4

information to the prosecution. The court found that the prosecutor did not have "the information that there were two possible cases going on at the same [time]." The court stated that it did "not believe there was any intent in this particular case as to prosecuting them separately to either harass, gain a [tactical] advantage, or anything of the sort," so the court denied the motion.

The following month, Holinaty pled guilty to assault with a semiautomatic firearm (§ 245, subd. (b)) and false imprisonment (§ 236), and he admitted that he personally used a firearm during the commission of the assault (§ 12022.5). The court dismissed the personal use allegation as to the false imprisonment count pursuant to subdivision (c) of section 1385, and Holinaty admitted the alleged aggravating factors. The court sentenced him to a total of six years in state prison, consisting of the low term of three years for the assault and three years for the firearm enhancement. The court imposed two years for the false imprisonment but stayed it pursuant to section 654. The court awarded 75 days of actual custody credit and 11 days of conduct credit for a total of 86 days.

DISCUSSION

Holinaty's appellate counsel filed a *Wende* brief identifying one potentially arguable issue: whether the court should have granted Holinaty's motion to dismiss his case as a violation of section 654's prohibition on multiple prosecutions. Counsel asked that we conduct an independent review of the record. After counsel filed the *Wende* brief, we advised Holinaty that he could file a personal supplemental brief, which he did.

5

Holinaty argues that the prosecution of case No. INF2400950 violated *Kellett* because the charges should have been prosecuted with the charges in case No. INF2300327. We disagree.

I.     *Section 654*

Subdivision (a) of section 654 provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." "This provision thus bars multiple prosecutions for the same act or omission where the defendant has already been tried and acquitted, or convicted and sentenced." (*People v. Davis* (2005) 36 Cal.4th 510, 557 (*Davis*).) "'Section 654's preclusion of multiple prosecution is separate and distinct from its preclusion of multiple punishment. The rule against multiple prosecutions is a procedural safeguard against harassment and is not necessarily related to the punishment to be imposed; double prosecution may be precluded even when double punishment is permissible.'" (*Kellett*, *supra*, 63 Cal.2d at p. 825.)

If "the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal

or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827.) But an exception to the bar on multiple prosecution arises when "the prosecutor 'is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.'" (*Davis*, *supra*, 36 Cal.4th at p. 558.) "[T]his exception applies only when the government 'acted with due diligence at the outset but was unable to discover the additional facts necessary to sustain the greater charge[s].'" (*Ibid.*)

"On appeal, we review factual determinations under the deferential substantial evidence test, viewing the evidence in the light most favorable to the People. [Citation.] We review de novo the legal question whether section 654 applies. [Citation.]" (*People v. Valli* (2010) 187 Cal.App.4th 786, 794 (*Valli*).)

The trial court found that the prosecutor did not have "the information that there were two possible cases going on at the same [time]," and substantial evidence supports that finding. The owner of the stolen Chevrolet Captiva reported the crime on March 1, 2023, and accused Holinaty. Doe reported her encounter with "Horse" on March 6, 2023, stating that the incident had taken place six to nine days earlier. On March 13, 2023, James learned in an unrelated matter of an individual named Holinaty who also went by "Horse". But James did not yet have any information indicating that Holinaty was the same "Horse" who kidnapped Doe, and at that time Doe could not be found. Kelly did not make contact with Doe until four months after Holinaty pled guilty in case No.

7

INF2300327. Kelly continued to investigate, and he did not submit the evidence in this case until almost one year after Holinaty's guilty plea.

Holinaty argues that the prosecution should have known of the offenses in this case before his guilty plea in case No. INF2300327. He contends that the prosecutor was not "'justifiabl[y] ingnoran[t],'" "because prosecutors had automatic access to [the police reports]" through "integrated reporting systems (RIMS/LERMS/Justice Trax)."[1] The argument is lacks merit.

"[W]hether the prosecution should have known of [multiple] offenses [is] a question distinct from that of actual knowledge." (*In re Dennis B.* (1976) 18 Cal.3d 687, 694 (*Dennis B.*)) "The *Kellett* rule applies only where 'the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part.'" (*Valli*, *supra*, 187 Cal.App.4th at p 796.)

First, nothing in the record supports Holinaty's contention that the prosecutor in case No. INF2300327 was capable of accessing the police reports in this case. Second, assuming for the sake of argument that the prosecutor did have access to the reports, "the fact that the prosecution could have known of the multiple offenses does not necessarily

---

[1] Holinaty's supplemental brief asks us to augment the record to include "all reports, supplemental reports, [i]nvestigative notes, routing logs, and associated evidence from both cases." Holinaty has not shown that those documents were "filed or lodged in the case in superior court" (Cal. Rules of Court, rule 8.155(a)(1)(A)), so the request to augment the record is denied. Moreover, Holinaty has not explained how those records would support his contention that the prosecution in case No. INF2300327 should have known about the offenses alleged in this case. (See *People v. Gaston* (1978) 20 Cal.3d 476, 482 [a party seeking to augment the record on appeal must make a "showing of 'some certainty' . . . as to the *manner* in which the materials may be useful"].)

8

lead to the conclusion that it did know or should have known." (*Dennis B.*, *supra*, 18 Cal.3d at p. 693.) Holinaty fails to explain how the prosecutor's mere ability to access police reports that had not yet been submitted to the district attorney's office for consideration compels the conclusion that the prosecutor should have known about the additional offenses. Holinaty's argument therefore fails.

Nothing in the reports for case No. INF2300327 implied that Holinaty committed additional offenses, and nothing in the record otherwise indicates that the prosecutor had reason to be aware of any such offenses. The record therefore supports the trial court's conclusion that the prosecutor in case No. INF2300327 neither knew nor should have known about the additional offenses. Thus, Holinaty has not shown that the trial court erred by concluding that section 654's prohibition on multiple prosecutions does not apply.

II.     *Independent review of the record*

We have independently reviewed the record and found no arguable error that would result in a disposition more favorable to Holinaty. (*Wende*, *supra*, 25 Cal.3d. at pp. 441-442.) Accordingly, we affirm the judgment.

9

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____

J.

We concur:

McKINSTER_____

      Acting P. J.

FIELDS_____

        J.