Filed 11/7/22  P. v. Chester CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093223 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18FE10365, 20FE005376, 20FE005360) |
| v. | |
| RONALD CHESTER, | |
| Defendant and Appellant. | |

After a jury found defendant Ronald Chester guilty of possession of methamphetamine, paraphernalia, and ammunition in a parking lot, (the parking lot case) defendant pled no contest to bringing methamphetamine into jail and possession of it in jail (the jail case).  Defendant contends his counsel was ineffective for not moving to dismiss the charges in the jail case because the two cases arose out of the same course of conduct.  He further argues there was insufficient evidence for the trial court to find his prior conviction was a strike.  We disagree.

Defendant further argues the case should be remanded due to changes in the law under Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441).  We agree

1

with the People's concession that one of the two convictions in the jail case must be vacated. We will vacate that conviction and otherwise affirm.

## I. BACKGROUND

In the parking lot case, Sacramento County Superior Court case No. 20FE005360, the amended information charged defendant with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1], possession of ammunition by a felon (§ 30305, subd. (a)(1)), possession of drug paraphernalia (Health & Saf. Code, § 11364), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).

In the jail case, Sacramento County Superior Court case No. 20FE005376, the information charged defendant with bringing methamphetamine into the jail under section 4573.5 (count one) and possessing methamphetamine in jail under section 4573.6 (count two). The information in the parking lot case and the information in the jail case alleged defendant had a prior strike in 2007 for battery inflicting serious bodily injury. (§ 243, subd. (d).)

The preliminary hearings for both cases were held together as the trial court commented the matters were "transactionally somewhat connected."

During the jury trial on the parking lot case, Officer Benton of the Sacramento City Police Department testified that on March 19, 2020, he and his partner had received a report of a person in a parking lot refusing to leave and possibly doing drugs. Officers Benton and Dyson responded at approximately 5:00 p.m. When they arrived, they found defendant and searched defendant and his backpack. The search uncovered 0.11 grams of methamphetamine wrapped in tin foil, two glass pipes, and over 100 rounds of live ammunition.

In a search of defendant's shopping cart, officers found a broken receiver from a shotgun. Defendant claimed to have found the ammunition and the receiver in a nearby

---

[1] Undesignated statutory references are to the Penal Code.

2

dumpster and said he was trying to sell them. The People's expert testified the receiver in its present state was not capable of firing. Defendant did not testify.

During the trial, defendant brought a motion to set aside the People's prior strike allegation contending the People could not prove this was a strike. The trial court interpreted this motion as notice to the People as to what they had to prove at the strike prior trial.

The jury found defendant guilty of possession of methamphetamine, possession of paraphernalia, and being a felon in possession of ammunition. (§ 30305, subd. (a)(1); Health & Saf. Code, §§ 11364 & 11377, subd. (a).) It could not reach a verdict on defendant being a felon in possession of a firearm, and the trial court declared a mistrial on that count.

After the jury trial on the parking lot case, the court trial was held on the 2007 strike allegation. The People offered the certified prior conviction packet, defendant's rap sheet, defendant's section 969b packet from the Department of Corrections and Rehabilitation (CDCR), and the CDCR packet related to his booking number. The court admitted these documents into evidence without objection.

The People argued the language of the complaint from his 2007 conviction charged defendant with personally using force on the victim and demonstrated there were no accomplices or codefendants. The abstract of judgment demonstrated defendant was convicted of a violation of section 243, subdivision (d). The minute order also showed defendant pled no contest to section 243, subdivision (d). The conviction packet included defendant's written waiver of his constitutional rights acknowledging this was a strike conviction and that his attorney had read and explained the document to him. The defendant's rap sheet and CDCR packets contained further information identifying defendant and this conviction. The trial court found the documents submitted pertained to defendant, and he was convicted of the crime of battery with personally inflicting serious bodily injury under section 243, subdivision (d), which was a prior strike

3

conviction. The court found each fact necessary to prove defendant personally inflicted bodily injury was implied when the trial judge found him guilty based upon the factual basis stipulated to by the parties.

The facts of the jail case come from the preliminary hearing transcript. A Sacramento County Jail deputy was on duty at approximately 10:00 p.m. on March 19, 2020. While defendant changed into his jail clothing, the deputy noticed a folded piece of paper on the bench next to him. When asked to hand the paper to the deputy, defendant responded, " 'those are my papers.' " The deputy unfolded the paper and found a small plastic baggie with 4.9 grams of methamphetamine. When the deputy viewed the jail surveillance of defendant, the deputy saw defendant holding the small bag, placing his fingers on the bag, and bringing his fingers to his mouth twice.

At sentencing on the parking lot case, the trial court noted its intention to sentence defendant to a concurrent sentence in the jail case "because I have repeatedly stated on the record that I believe that the charge[s] relevant to [defendant's] possession of methamphetamine in jail was essentially a continuation of the course of conduct that I will be sentencing him in this case." In the parking lot case, the trial court sentenced defendant to the middle term of two years on possession of ammunition, doubled to four years due to his prior strike, and to 536 days in county jail on the two misdemeanor charges, with credit for time served.

Defendant then agreed to plead no contest to both charges in the jail case with the understanding the trial court would sentence him to a concurrent sentence with the parking lot case that would not exceed the parking lot case sentence. The factual basis for his plea was that on March 19, 2020, "defendant committed a felony in violation of . . . section 4573.5, in that he unlawfully and knowingly brought in the Sacramento County Jail methamphetamine. [¶] It's also alleged that he, on the same date, violated . . . [s]ection 4573.6, in that he knowingly and unlawfully possessed methamphetamine while he was in the Sacramento County Jail, and he was not authorized to do so. [¶] In

4

this case, your honor, after defendant was booked into jail, deputies saw the defendant with his booking paper folded in half. After they checked the paperwork, they found methamphetamine on his person. They observed him eating the methamphetamine while he was in jail after he passed all points which notified that he was not allowed to possess any." Defendant pled no contest to each charge and admitted his 2007 prior conviction for battery was a strike. The trial court sentenced defendant to two years for possession of methamphetamine in jail under section 4573.6, doubled to four years due to his prior strike and to be served concurrently with the sentence in the parking lot case. On the charge for bringing methamphetamine into jail under section 4573.5, the court sentenced defendant to 16 months, doubled to 32 months due to his prior strike, and stayed this sentence pursuant to section 654.

Defendant timely appealed.

## II. DISCUSSION

Defendant argues the jail case should be dismissed because his attorney was ineffective for failing to move to dismiss it pursuant to *Kellett v. Superior Court* (1966) 63 Cal.2d 822, because the act of bringing the methamphetamine into jail was a continuation of his earlier possession of that methamphetamine. Further, he argues there is insufficient evidence to sustain the true finding he had a prior strike. Finally, he argues the case should be remanded to the trial court for resentencing due to changes to section 654 effective January 1, 2022.

A.    *Ineffective Assistance of Counsel*

Defendant claims his counsel was ineffective for failing to move to dismiss the jail case. A claim of ineffective assistance of counsel requires defendant to show by a preponderance of the evidence that: (1) counsel's performance fell below the objective standard of prevailing professional norms; and (2) defendant was prejudiced by counsel's failing. (*Strickland v. Washington* (1984) 466 U.S. 668, 688-695.) We examine the merits of defendant's argument that the jail case should have been dismissed and

5

conclude defendant's argument fails both prongs of the test because the trial court would have properly rejected defendant's motion to dismiss on the facts presented.

>  1. *The Law Against Multiple Prosecutions*

At the time of defendant's trial, section 654 provided in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (Former § 654, subd. (a).)[2]

Section 654's prohibitions on multiple punishment and multiple prosecutions are separate, with " 'different purposes and different rules of prohibition.' " (*People v. Ochoa* (2016) 248 Cal.App.4th 15, 27.) " 'The rule against multiple prosecutions is a procedural safeguard against harassment and is not necessarily related to the punishment imposed; double prosecution may be precluded even when double punishment is permissible.' (*Neal v. State of California* (1960) 55 Cal.2d 11, 21,[] disapproved on other grounds as stated in *People v. Correa* (2012) 54 Cal.4th 331.)" (*Ibid.*)

Our Supreme Court has explained: "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted. When, as here, the prosecution is or should be aware of more than one offense in which

---

[2] Effective January 1, 2022, that section allows the trial court to punish under the provision of its choice, not just the provision that provides the longest sentence. (§ 654, subd. (a).) This change does not affect our analysis.

the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett v. Superior Court, supra*, 63 Cal.2d at p. 827.)

"Appellate courts have adopted two different tests under *Kellett* to determine whether multiple offenses occurred during the same course of conduct. [Citation.] Under one line of cases, multiple prosecutions are not barred if the offenses were committed at separate times and locations." (*People v. Ochoa, supra*, 248 Cal.App.4th at p. 28.) This test is commonly referred to as the " 'time and place test.' " (*Id.* at p. 29.)

"A second version of the test—the 'evidentiary test'—looks to the evidence necessary to prove the offenses." (*People v. Ochoa, supra*, 248 Cal.App.4th at p. 29.) " '[I]f the evidence needed to prove one offense necessarily supplies proof of the other, . . . the two offenses must be prosecuted together, in the interests of preventing needless harassment and waste of public funds.' " (*Ibid*.) However, the overlap of evidence must be more than trivial. " 'Simply using facts from the first prosecution in the subsequent prosecution does not trigger application of *Kellett*.' " (*Ibid*.)

2. *Application*

While the trial court expressed a view the parking lot and the jail case included a continuing course of conduct, we conclude neither the time/place test nor the evidentiary test bars the subsequent prosecution of the jail case.

In terms of the time and place test, the two offenses took place at different times and different places. As indicated by our choice of shorthand reference, the parking lot case took place in a parking lot in Sacramento. The jail case took place at the Sacramento County jail. These are not the same. Further, possession of methamphetamine in a public place is a different crime than bringing that controlled substance into a jail. (See *People v. Raybon* (2021) 11 Cal.5th 1056, 1084

7

[acknowledging the difference in treatment of the possession of cannabis generally versus possession of that substance in prison].)

In terms of time, the parking lot crime took place at 5:00 in the evening, while the attempt to bring drugs into jail took place five hours later at 10:00 p.m. Defendant had five hours to disclose this additional methamphetamine before he was booked into the jail. Had he done so, there would not be a reason for the second information. While these two crimes took place on the same day, we believe the jail crime is sufficiently distinct and removed from the original crime in time and place to allow for multiple prosecution of these two separate crimes.

As to the evidence test, there is only a trivial overlap in the evidence here. The officers who testified about defendant's possession at the parking lot are different from the Sacramento County Jail booking officer who would testify to his possession at the jail. Each witness would testify as to a different set of facts and observations with no overlap. The packaging and amount of the drugs were different: one was 0.11 grams in foil; one was 4.9 grams in a baggie. The video evidence of each case was different: the officers' body worn camera footage in the parking lot case; the jail surveillance footage in the jail case. While a forensic expert would be required to testify at both trials as to the nature of the methamphetamine, that expert's testimony would be based on testing two separate drug samples. This limited overlap of evidence does not require separate prosecutions under the evidence test.

Because the trial court properly would not have granted the motion to dismiss, defendant's counsel did not render ineffectiveness of counsel.

B.    *Evidence of Strike.*

Defendant argues the evidence does not establish his 2007 prior conviction was a strike under section 1192.7, subdivision (c). We disagree.

As to the jail case, defendant forfeited this contention when he admitted the 2007 prior conviction was a strike. (*People v. LaJocies* (1981) 119 Cal.App.3d 947, 956-957.)

8

We reach the merits on the parking lot case because defendant argued this issue fully in the trial court. A conviction for battery with serious bodily injury does not qualify as a serious felony unless the defendant personally inflicted great bodily injury on a person other than an accomplice. (§ 1192.7, subd. (c)(8); *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.) While the record does not explicitly show defendant personally inflicted the great bodily injury, or that the victim was not an accomplice, that was not the question the trial court was required to decide. The trial court was required to decide whether the evidence submitted was sufficient to find beyond a reasonable doubt defendant's 2007 prior conviction for battery with serious bodily injury was a strike. We conclude it was.

Here, the trial court relied on defendant's plea, which included an admission the prior offense was a serious felony. In his waiver of rights and declaration in support of defendant's motion to change plea, defendant specifically admitted, after consultation with counsel, "a conviction for violation of [section] 243[, subdivision ](d) is a strike pursuant to [section] 1192.7 and [section] 667.5." Further, his attorney declared he read and explained the document to defendant, and defendant understood the consequences of his plea. The trial court found defendant to be fully informed of his constitutional rights and the consequences of his plea. Ultimately, the trial court accepted his plea, found defendant knowingly, intelligently, and voluntarily waived his rights, and there was a factual basis for the plea. In effect, defendant made a section 969f admission, pursuant to a procedure endorsed by our Supreme Court. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1072.) A defendant who makes a section 969f admission as part of a guilty plea concedes an offense is a serious felony, and "the serious felony nature of the offense will become an explicit part of the record of conviction, leaving no room for confusion if and when the issue becomes relevant to the sentence for a subsequent felony." (*People v. Delgado, supra*, at p. 1072.) Thus, because defendant was advised the nature of his plea was to a prior strike, admitted his understanding of this advisement, and proceeded with

9

the plea in the presence of counsel, substantial evidence supports the trial court's conclusion defendant admitted the section 243 offense was a serious felony and strike when he entered his plea.

## C.     *Remand for Resentencing.*

Defendant argues the jail case should be remanded to the trial court for resentencing due to changes brought about by Assembly Bill No. 518, which provides the trial court with discretion when selecting a sentence to impose for an act punishable by two or more provisions.  Defendant argues the trial court would now be able to impose punishment under either section 4573.6 or 4573.5.  The People observe, however, the section 4573.5 conviction must be vacated because that provision only applies to bringing "drugs, other than controlled substances" into jail.  The only evidence in this case is defendant brought methamphetamine, a controlled substance, into the jail.  (*People v. Pierson* (2001) 86 Cal.App.4th 983, 992 [methamphetamine is a controlled substance].)  We agree this conviction must be vacated.  Because there is only a single conviction in the jail case, there is no section 654 issue.

10

## III.  DISPOSITION

We affirm the judgment in its entirety in the parking lot case, Sacramento County Superior Court case No. 20FE005360.  In the jail case, Sacramento County Superior Court case No. 20FE005376, we vacate defendant's conviction on count one for violation of section 4573.5.  The trial court is directed to prepare a corrected abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

EARL, J.

11