Filed 2/16/23  P. v. Towner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DAVID TOWNER,<br><br>        Defendant and Appellant. | C095094<br><br>(Super. Ct. No. 20FE004466) |

A jury convicted defendant David Towner of human trafficking, pimping, pandering, attempted human trafficking of a minor, and witness dissuasion.  The trial court sentenced him to an aggregate term of 28 years in prison.

Defendant now contends (1) the trial court should have dismissed counts one through three (charging human trafficking, pimping, pandering) because they alleged the same conduct charged in another case resolved by plea; (2) the trial court should have instructed the jury that to convict on count seven (attempted human trafficking of a minor) the People had to prove that defendant intended to induce a minor to engage in the prohibited act; (3) insufficient evidence supported the convictions on counts eight and nine (for dissuasion of witnesses); (4) defendant's trial counsel was ineffective in failing to object to a detective's opinions about defendant's text messages; and (5) the matter must be remanded for resentencing under Assembly Bill No. 518 (2021-2022 Reg. Sess.) and Senate Bill No. 567 (2021-2022 Reg. Sess.).

1

We conclude (1) defendant has not established that the prosecution of counts one through three was precluded in this case; (2) on the count seven charge of attempted human trafficking of a minor, the trial court should have instructed on the applicable elements, and the error was not harmless; (3) substantial evidence supports the convictions for witness dissuasion; (4) defendant has not shown ineffective assistance; and (5) we will remand the case for resentencing based on current law. We will reverse defendant's count seven conviction for attempted human trafficking of a minor; and we will vacate the sentences on counts one (human trafficking), two (pimping), and three (pandering) and remand for resentencing on those counts consistent with current law. We will otherwise affirm the judgment.

BACKGROUND

Sacramento Police Detective Elizabeth Strauss contacted 16-year-old I.D. after investigating an ad for prostitution. A search of I.D.'s cell phone showed a text message from defendant that read, "Let's get an Incall and Take New Pics . . . i can help assist u & have alot of good call online." Defendant's cell phones were seized.

Detective Strauss contacted T.D., who was 35 years old, based on defendant's cell phone data, and T.D. testified at trial. Defendant sent clients to T.D. and T.D. gave defendant half of what she earned from those dates. Detective Strauss testified about text messages from defendant to T.D. during the period December 3, 2019 to January 1, 2020, including messages about finding dates, negotiating prices for dates, and taking photographs for ads.

In addition, Detective Strauss interviewed R.D., who was 25 years old and who also testified at trial. R.D. met defendant in person after chatting with him on a dating app. Defendant told R.D. she was going to work for him. He said there would be trouble if R.D. did not comply. Defendant accessed a website R.D. had used to post ads for prostitution and reposted an ad, using his cell phone number for client calls and text messages. An ad was posted for R.D. on April 18, 2019, using a photograph defendant

2

took. Defendant arranged dates for R.D. and took the money R.D. earned. In addition, defendant had sex with R.D. without her consent. At some point, defendant took R.D. to Santa Cruz, where she was able to get away from him.

Detective Strauss testified about text messages sent from defendant's cell phone to different sex workers. A number of text messages appeared to be for the purpose of recruiting sex workers. In another series of text messages, defendant made threats in connection with money a sex worker allegedly owed him.

While in jail, defendant made two calls to dissuade T.D. and I.D. from cooperating with the authorities. We provide more detail regarding those calls in the Discussion as relevant to contentions on appeal.

The jury convicted defendant of human trafficking involving R.D. (Pen. Code, § 236.1, subd. (b) -- count one),[1] pimping involving R.D. (§ 266h, subd. (a) – count two), pandering involving R.D. (§ 266i, subd. (a)(1) – count three), pimping involving T.D. (§ 266h, subd. (a) – count five), pandering involving T.D. (§ 266i, subd. (a)(1) – count six), attempted human trafficking involving minor I.D. (§ 236.1, subd. (c)(1) -- count seven), witness dissuasion of T.D. (§ 136.1, subd. (b)(2) -- count eight), and witness dissuasion of I.D. (§ 136.1, subd. (b)(2) -- count nine). The jury could not reach a verdict on the count four charge of forcible rape of R.D. (§ 261, subd. (a)(2)) and that count was dismissed. The trial court sentenced defendant to an aggregate 28 years in prison.

DISCUSSION

I

Defendant contends the trial court should have dismissed counts one through three (charging human trafficking, pimping, and pandering) because they alleged the same conduct charged in another case resolved by plea. Specifically, he claims he was

---

[1] Undesignated statutory references are to the Penal Code.

3

prosecuted in the instant case (the Sacramento case) for the same conduct that was the basis for Santa Cruz County Superior Court case No. 19CR02785 (the Santa Cruz case).

A

Defendant presented the following facts in a motion to dismiss. Santa Cruz police officers arrested defendant following a domestic violence report. R.D. told officers defendant had forced her to work as a prostitute and raped her in Sacramento and Santa Cruz. The Santa Cruz County District Attorney charged defendant with pimping (§ 266h, subd. (a)), pandering (§ 266i, subd. (a)(1)), human trafficking (§ 236.1, subd. (a)), forcible rape (§ 261, subd. (a)(2)), and injuring a cohabitant (§ 273.5, subd. (a)). The pimping allegedly occurred on or about April 23, 2019. The conduct underlying the other counts allegedly occurred between January 1 and May 1, 2019. After defendant pleaded no contest to injuring a cohabitant, the other counts were dismissed and the trial court placed defendant on probation. The People subsequently charged defendant in the Sacramento case. Counts one through three of the information in the Sacramento case alleged that defendant committed human trafficking, pimping and pandering in relation to R.D. between April 18 and 21, 2019.

Defendant's motion to dismiss argued the following: the crimes charged in the Sacramento and Santa Cruz cases arose from a single course of conduct in both counties against one victim; Santa Cruz prosecutors knew about the alleged acts in Sacramento and charged defendant for those acts; defendant was convicted and sentenced in the Santa Cruz case; Sacramento County detectives learned about the Santa Cruz case when they interviewed R.D.; and defendant was charged with the same crimes in the Sacramento and Santa Cruz cases. Based on the above, defendant argued that counts one through three in the Sacramento case should be dismissed pursuant to *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*) and section 654.

The People opposed the motion. They argued that the Sacramento case was not barred because the two prosecuting agencies had no knowledge of the other's actions;

4

therefore, Sacramento County had no meaningful opportunity to prosecute defendant before he entered a plea in the Santa Cruz case; evidence that would be used in the Sacramento case was not part of the Santa Cruz case or available at the time of the earlier prosecution; and defendant was not convicted of pimping, pandering or human trafficking R.D. in the Santa Cruz case.

The trial court denied defendant's motion to dismiss. It said *Kellett* did not apply because the Santa Cruz prosecutor filed charges without consulting Sacramento County; Sacramento County independently investigated and brought charges against defendant; and defendant never pleaded to pimping, pandering or human trafficking as to R.D.

B

Section 654, subdivision (a) contains a multiple punishment and a multiple prosecution bar. The statute provides, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."[2] (§ 654, subd. (a).) Here, we consider the rule against multiple prosecutions, which applies when conduct punishable in different ways by different laws is prosecuted under a particular law but there was an acquittal or conviction and sentence for the same conduct under another law. (*Ibid.*) We review de novo whether section 654 applies. (*People v. Valli* (2010) 187 Cal.App.4th 786, 794.)

*Kellett* is the leading case on section 654's bar against multiple prosecutions. In that case, after the defendant stood on a public sidewalk with a pistol in his hand, the People charged the defendant in municipal court with misdemeanor exhibiting a firearm

---

[2] As we discuss in part V, section 654 was amended after the sentencing hearing. (Stats. 2021, ch. 441, § 1; Stats. 1997, ch. 410, § 1.) The amendment does not affect this portion of our discussion.

5

in a threatening manner.  (*Kellett, supra*, 63 Cal.2d at p. 824.)  Following a preliminary hearing, the People charged defendant, in a separate case in superior court, with felony possession of a concealable weapon by a felon.  (*Ibid.*)  The defendant pleaded guilty to, and was sentenced on, the misdemeanor.  (*Ibid.*)  He then moved to dismiss the superior court case pursuant to section 654 on the ground that the municipal and superior court cases arose from a single act.  (*Ibid.*)  The trial court denied the motion (*ibid.*), but the Supreme Court issued a writ of prohibition barring trial in the superior court because the *same conduct* played a significant part in more than one offense and the initial proceeding culminated in a conviction and sentence.  (*Kellett,* at pp. 824, 827, 829.)

Unlike in *Kellett*, here the record does not establish that the conduct for which defendant was convicted in the Santa Cruz case (willful infliction of corporal injury upon a cohabitant in violation of section 273.5, subdivision (a)) was the same as the conduct giving rise to the offenses charged in the Sacramento case in count one (deprivation of personal liberty in violation of section 236.1, subdivision (b)) or count two (deriving support from prostitution in violation of section 266h, subdivision (a)) or count three (procurement for prostitution in violation of section 266i, subdivision (a)(1)).  Defendant was not convicted of grabbing or striking R.D. in more than one case.  *Kellett* is not on point, and for the same reasons, neither are *People v. Britt* (2004) 32 Cal.4th 944 and *Barriga v. Superior Court* (2012) 206 Cal.App.4th 739, two other cases cited by defendant.

Defendant nevertheless cites *In re Grossi* (1967) 248 Cal.App.2d 315 for the proposition that *Kellett* applies when the prosecutor refiles a charge in a second case after dismissing it in a prior case.  But *In re Grossi* did not analyze the language of section 654 or acknowledge that *Kellett* involved successive prosecutions for different offenses based on the same conduct.  We have found no subsequent case adopting the cited holding in *In re Grossi* and we decline to do so here.

6

Citing *People v. Moses* (2020) 10 Cal.5th 893 (*Moses*), defendant next argues the trial court should have instructed the jury that to convict on count seven (attempted human trafficking of a minor) the People had to prove that defendant intended to induce a minor to engage in the prohibited act.

The People counter that defendant forfeited his appellate claim by not objecting to the CALCRIM No. 1244 instruction given. However, an objection is not required to preserve a challenge to an instruction that omitted an essential element of the charged offense. (*People v. Hillhouse* (2002) 27 Cal.4th 469, 503; *People v. Moses* (2021) 65 Cal.App.5th 14, 22.)

As relevant here, section 236.1, subdivision (c) prohibits attempts to cause, induce or persuade a minor to engage in a commercial sex act with the intent to effect or maintain a violation of section 266h (pimping) or 266i (pandering). In *Moses*, the California Supreme Court held that section 236.1, subdivision (c) incorporates the elements of attempt, i.e., a specific intent to commit the crime and a direct but ineffectual act done toward its commission. (*Moses, supra*, 10 Cal.5th at pp. 899, 907, 909.) *Moses* involved a detective who posed as a minor. (*Id.* at p. 896.) The Court said section 236.1, subdivision (c) specifically targets the trafficking of minors, and "to violate subdivision (c) as an attempt, the defendant must intend to induce a minor . . . . [A]s long as the defendant has attempted to induce a person and intends that the object of his inducement be a minor, the elements of the attempt provision are satisfied. This understanding honors the general law of attempt that punishes a criminal intent coupled with an ineffectual act done towards its commission." (*Moses,* at p. 909, italics omitted; see *id.* at pp. 908-909 & fn. 10, 912-913.) Because attempt requires a specific intent to commit the crime (*id.* at p. 899), intent to induce a minor to engage in a commercial sex act is an element of attempted human trafficking of a minor. Although CALCRIM No. 1244 does not include intent to induce a minor to commit a commercial sex act as

an element of a section 236.1, subdivision (c) violation (CALCRIM No. 1244 (April 2022 Update)), CALJIC No. 9.62.3 does (CALJIC No. 9.62.3 (October 2022 Update)).

The trial court instructed the jury on the elements of attempt to traffic a minor using CALCRIM No. 1244. The instruction did not require the jury to find that defendant intended to induce a *minor* to engage in a commercial sex act. Rather, it told the jury the People must prove that defendant attempted to induce another person to engage in a commercial sex act.

Instructional error regarding an element requires reversal of the judgment unless we can conclude beyond a reasonable doubt that the error did not contribute to the verdict. (*People v. Chun* (2009) 45 Cal.4th 1172, 1201.) Comments by defendant's trial counsel and the trial court indicate they believed count seven did not require a showing of intent to traffic a minor. Neither the prosecutor nor defendant's trial counsel argued that in order to convict defendant on count seven, the People were required to prove that defendant acted with the specific intent to traffic a minor. Instead, the prosecutor admonished the jury to focus on the language of the jury instructions and not to add to that language. The evidence the Attorney General recites in its appellate brief does not show that defendant intended to target a minor when he sent a text to I.D. The instructional error as to count seven was not harmless. Accordingly, we will reverse defendant's conviction on count seven.

Because we conclude reversal is required we do not consider defendant's additional instructional error and sufficiency of the evidence claims pertaining to count seven.

### III

Defendant also challenges the sufficiency of the evidence supporting his count eight and nine convictions for dissuasion of witnesses.

In determining whether sufficient evidence supports a conviction, " 'we do not determine the facts ourselves. Rather, we "examine the whole record in the light most

8

favorable to the judgment to determine whether it discloses substantial evidence -- evidence that is reasonable, credible and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] . . . "[I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding." [Citation.]' " (*People v. Nelson* (2011) 51 Cal.4th 198, 210 (*Nelson*).) We review de novo the interpretation of a statute. (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 585.)

Counts eight and nine charged defendant with violating section 136.1, subdivision (b)(2). The People had to prove that defendant had the specific intent to dissuade a witness or victim from causing a complaint or information to be prosecuted, and from assisting in the prosecution. (*People v. Velazquez* (2011) 201 Cal.App.4th 219, 223-224, 229-230, 232-233; see *People v. Brown* (2016) 6 Cal.App.5th 1074, 1082.)

Defendant argues the evidence was insufficient because the relevant statements were made after defendant was aware that the initial complaint had been filed, and there was no evidence he attempted to dissuade the filing of an amended complaint. But the jailhouse call upon which counts eight and nine are based occurred before the filing of the information. At the time of the call, law enforcement officers had contacted I.D. and interviewed T.D. Defendant indicated he knew about those police contacts. He asked a friend to tell T.D. not to talk anymore. And defendant asked the friend to tell I.D. that if anybody came to talk to her, just to say she didn't know. The friend understood defendant's request to mean "shut it down." Defendant agreed. T.D. testified that after defendant's arrest, someone told her, "Just remember we don't say anything."

The count eight and nine convictions are supported by substantial evidence. Based on the evidence, the jury could reasonably find that defendant intended to dissuade

9

T.D. and I.D. from causing an information to be prosecuted and from assisting in the prosecution.

IV

Defendant further contends his trial counsel was ineffective in failing to object to Detective Strauss's opinions about defendant's text messages.

To establish ineffective assistance of counsel, a defendant must prove (1) that his trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to the defendant. (*People v. Maury* (2003) 30 Cal.4th 342, 389 (*Maury*); *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674] (*Strickland*).) If a defendant makes an insufficient showing on either of those components, his ineffective assistance claim fails. (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland*, at p. 687.)

We review trial counsel's performance with deferential scrutiny, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and recognizing the many choices that attorneys make in handling cases and the danger of second-guessing an attorney's decisions. (*Maury, supra*, 30 Cal.4th at p. 389; *Strickland, supra*, 466 U.S. at p. 689.) On direct appeal, we will find a deficiency only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) And to establish prejudice, defendant must show a reasonable probability of a more favorable result. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217-218; *Strickland,* pp. 693-694.)

A

Defendant contends his trial counsel should have objected, on the ground of an improper legal conclusion, to Detective Strauss's testimony that certain texts from

defendant constituted pandering or attempted pandering.  In a text to I.D., for example, Detective Strauss opined that defendant sent I.D. a "pandering text."

Expert opinion on a question of law is inadmissible.  (*People v. Brown* (2016) 245 Cal.App.4th 140, 167; *Summers v. A.L. Gilbert Co*. (1999) 69 Cal.App.4th 1155, 1178, 1185.)  And an expert may not express an opinion on the defendant's guilt. (*People v. Clark* (2019) 43 Cal.App.5th 270, 292-293 (*Clark*).)  Nevertheless, " '[w]hether to object to inadmissible evidence is a tactical decision; because trial counsel's tactical decisions are accorded substantial deference [citations], failure to object seldom establishes counsel's incompetence.' [Citation.]  'In order to prevail on [an ineffective assistance of counsel] claim on direct appeal, the record must affirmatively disclose the lack of a rational tactical purpose for the challenged act or omission.' " (*People v. Williams* (1997) 16 Cal.4th 153, 215.)

Defendant's trial counsel said he did not object to Detective Strauss's testimony about whether a pimping-and-pandering relationship existed because he intended to challenge the detective's use of certain terms and attack the detective's credibility on cross-examination.  In fact, on cross-examination, defendant's trial counsel elicited testimony from Detective Strauss about whether a particular scenario constituted pandering.  We accord " 'great deference to [defense trial] counsel's tactical choices'." (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)  Defendant does not contend that the reason trial counsel had proffered for not objecting to Detective Strauss's testimony about pimping and pandering was not a rational defense tactic.

In any event, defendant has not established prejudice, as the evidence of pandering was otherwise overwhelming.  Considering the evidence presented at the trial and the jury instructions given, it was not reasonably probable that defendant would have obtained a more favorable result had trial counsel objected to Detective Strauss's opinions about pandering or attempted pandering.  (See *Clark, supra*, 43 Cal.App.5th at pp. 294-296.)

11

B

Defendant next asserts that his trial counsel should have objected to Detective Strauss's testimony about what defendant meant in his text messages.

Under Evidence Code section 801, expert opinion testimony is admissible only if the subject matter of the testimony is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact. (*People v. Vang* (2011) 52 Cal.4th 1038, 1044.) The subject matter of the culture of pimping, pandering and prostitution falls within this category. (*People v. Leonard* (2014) 228 Cal.App.4th 465, 492-493 (*Leonard*); *United States v. Taylor* (9th Cir. 2001) 239 F.3d 994, 998.) Thus, an expert may testify as to the meaning of words or phrases within the culture of pimping and prostitution. (*Leonard,* at p. 493, fn. 9.)

Even if defendant's trial counsel was deficient in failing to object to Detective Strauss's testimony about defendant's text messages, defendant has failed to establish prejudice because the evidence supporting his convictions was otherwise overwhelming.

C

Defendant further argues that his trial counsel should have objected when Detective Strauss speculated that certain text messages from defendant were for the purpose of blackmail or control or pertained to sex work. Again, however, even if defendant's trial counsel should have objected to the testimony, defendant fails to establish the requisite prejudice, because the evidence was otherwise overwhelming.

V

In addition, defendant argues the matter must be remanded for resentencing under Assembly Bill No. 518 and Senate Bill No. 567.

A

At the time of defendant's sentencing, section 654 provided that an act or omission punishable in different ways by different provisions of law shall be punished under the law that provided for the longest potential term of imprisonment. (Stats. 1997, ch. 410,

§ 1.)  Effective January 1, 2022, Assembly Bill No. 518 amended section 654 to afford sentencing courts discretion to choose the count for which it will stay punishment, allowing the trial court to stay the longer rather than the shorter term of imprisonment after imposing punishment.  (Stats. 2021, ch. 441, § 1.)

The trial court imposed a sentence of 20 years on count one, four years on count two, and four years on count three, and stayed the sentences on counts two and three under section 654.  In sentencing on count six, to which it also applied section 654, the trial court noted it had to impose the longest term.  Amended section 654 does not require resentencing on counts five and six because the trial court imposed the same sentence on those counts.  However, had the current version of section 654 been in effect at the time of defendant's sentencing, the trial court would have had the discretion to stay the upper term sentence on count one.

The parties agree defendant is entitled to the ameliorative benefit of newly amended section 654 because defendant's appeal was not yet final when the amended statute took effect.  We agree that amended section 654 applies to defendant's appeal.  (*In re Estrada* (1965) 63 Cal.2d 740, 744-745; see also *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-309; *People v. Jones* (2019) 32 Cal.App.5th 267, 272.)  Assembly Bill No. 518 did not indicate that the Legislature intended the amendment to section 654 to apply prospectively only.  (Stats. 2021, ch. 441, § 1.)

"Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing."  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)  The Attorney General agrees that the case should be remanded for the trial court to exercise its discretion under amended section 654.  We will vacate the sentences on counts one through three and remand the matter.

B

Defendant also contends his case must be remanded for resentencing under Senate Bill No. 567 because the facts upon which the trial court relied in imposing an upper term sentence were not established in a manner consistent with the amended law.  Because we have already decided that the matter must be remanded for resentencing, we need not address this contention.  When the trial court resentences, it must comply with current law.

DISPOSITION

Defendant's count seven conviction for attempted human trafficking of a minor is reversed.  The sentences on the count one human trafficking conviction, the count two pimping conviction, and the count three pandering conviction are vacated, and the matter is remanded for resentencing consistent with current law.  The judgment is otherwise affirmed.


                                        /S/
                                        MAURO, J.



We concur:



        /S/
ROBIE, Acting P. J.



        /S/
HULL, J.

14