Filed 4/15/25  P. v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085893 |
| Plaintiff and Respondent, | (Super. Ct. No. 1404791) |
| v. | |
| ABEL RODRIGUEZ, JR., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Scott N. Cameron, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell and Kimberley A. Donohue, Assistant Attorneys General, Darren K. Indermill, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Peña, Acting P. J., Meehan, J. and DeSantos, J.

## INTRODUCTION

Defendant Abel Rodriguez, Jr., filed a timely notice of appeal following remand in *Rodriguez I*, in which this court vacated the jury's gang enhancement findings under Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) and remanded the matter for the prosecution to determine whether it was going to retry the gang enhancement allegations and, if not, for resentencing. (*People v. Rodriguez* (June 20, 2022, F080915) [nonpub. opn.] (*Rodriguez I*).)[1] As discussed herein, the trial court erred when it conducted proceedings on remand in defendant's absence and without a waiver of his right to personally appear, and the court erred when it failed to conduct a full resentencing after the prosecution elected not to retry the gang enhancement allegations. The parties agree that defendant is entitled to remand for resentencing and, in view of the prosecution's election not to retry the gang enhancement allegations, to have the firearm enhancement findings under Penal Code section 12022.53, subdivisions (d) and (e)(1),[2] vacated under Assembly Bill 333. However, they disagree whether the prosecution is entitled to the opportunity to retry the firearm enhancement allegations.

We conclude the trial court erred when it conducted proceedings on remand without defendant present and absent evidence of a knowing, intelligent, and voluntary waiver of his appearance, and it erred when it failed to conduct a full resentencing in accordance with the remittitur once the prosecution elected not to retry the gang enhancement allegations. We concur with the parties' shared position that defendant is now entitled to have the firearm enhancement findings vacated as a matter of law, and we

---

[1] Defendant's request for judicial notice of the clerk's transcript and the reporter's transcript in *Rodriguez I* is granted, which renders his alternative motion to augment the record moot; and on our own motion, we take judicial notice of our prior nonpublished opinion and the record in *Rodriguez I*. (Evid. Code, §§ 452, subd. (d), 459.)

[2] All further statutory references are to the Penal Code unless otherwise specified.

conclude that under the circumstances in this case, the prosecution should be afforded the opportunity to elect retrial of the firearm enhancement allegations.

Accordingly, we vacate the firearm enhancement findings, vacate defendant's sentence and remand for further proceedings. The prosecution may elect to retry the firearm enhancement allegations within 60 days from issuance of the remittitur. Defendant is entitled to a full resentencing hearing on remand, either upon the prosecution's election not to retry the firearm enhancements or following retrial. The judgment is otherwise affirmed.

## BACKGROUND

Defendant and his cousin, Pedro Alvarez, were charged with one murder and two attempted murders arising out of a drive-by shooting committed in Modesto in 2009. At trial in 2019, Alvarez testified for the prosecution in exchange for a plea offer of voluntary manslaughter with a gang enhancement. (§§ 192, subd. (a), 186.22, subd. (b)(1)(C).)

The jury convicted defendant on count I of the murder of Guillermo Gomez, with findings that the murder was premeditated and committed by discharge of a firearm from a motor vehicle. (§§ 187, subd. (a), 189, subd. (a).) On counts II and III, the jury convicted defendant of the premeditated attempted murders of Gabriel N. and Luis C. by discharge of a firearm from a motor vehicle. (§§ 664/187, subd. (a), 189, subd. (a).) On all three counts, the jury found the firearm enhancement and the gang enhancement allegations true. (§§ 12022.53, subds. (d), (e)(1), 186.22, (b)(1).) In a bifurcated proceeding, defendant admitted suffering two prior serious felony convictions for the purpose of "Three Strikes" law sentencing (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and imposition of a prior serious felony conviction enhancement under section 667, subdivision (a)(1). On the prosecutor's motion, one of the prior convictions was stricken in the interest of justice. (§ 1385.)

3.

Defendant was sentenced to an aggregate term of 15 years plus 153 years to life, as follows. The trial court imposed a term of 25 years to life on count I, doubled to 50 years to life under the Three Strikes law, plus an additional 25 years to life for the firearm enhancement; and to terms of seven years to life on count II and count III, doubled to 14 years to life, plus additional terms of 25 years to life for the firearm enhancement. On all counts, the court imposed a 10-year gang enhancement, stayed (§ 12022.53, subd. (j)), and a five-year prior serious felony conviction enhancement (§ 667, subd. (a)(1)).

On appeal in *Rodriguez I*, defendant argued the trial court erred under Evidence Code section 352 when it admitted evidence of his two prior assault convictions as predicate offenses within the meaning of section 186.22, former subdivision (e). He also argued that his convictions for attempted murder were not supported by substantial evidence of intent to kill, and, via supplemental briefing, that he was entitled to reversal of the gang enhancements under Assembly Bill 333, which amended section 186.22, effective January 1, 2022. The People conceded that defendant was entitled to have the gang enhancement findings vacated given the amendments to section 186.22, but disputed entitlement to relief on his other two claims.

We vacated the gang enhancement findings under Assembly Bill 333 and remanded for further proceedings, to include resentencing if the prosecution did not elect to retry the gang enhancement allegations within 60 days from the filing of the remittitur. However, we rejected defendant's other claims for relief.

As discussed in greater detail below, the trial court held four hearings on remand, but defendant was not present for any of the hearings and the court did not conduct a full resentencing hearing after the prosecution elected to dismiss the gang enhancement allegations. Instead, the court merely ordered an amended abstract of judgment be prepared.

Defendant filed a timely notice of appeal.  He raises a number of claims, depending on how the error below is characterized.  Defendant claims the trial court erred by failing to resentence him, as directed in *Rodriguez I*, and the error is structural, necessitating remand.  Alternatively, he claims the error is prejudicial whether measured under *Chapman v. California* (1967) 386 U.S. 18, 24 or *People v. Watson* (1956) 46 Cal.2d 818, 836.  If the proceeding below is treated as a resentencing hearing, defendant claims the trial court abused its discretion when it failed to conduct a full resentencing, and his rights were violated because he was resentenced without a valid waiver of his appearance.  Further, defendant claims the trial court erred when it failed to vacate the firearm enhancement findings once the prosecution elected not to retry the gang enhancement allegations, and the court erred when it appointed the public defender's office to represent him without  conducting an inquiry into the office's clear conflict of interest given its representation of Alvarez, who testified against him at trial.  Defendant requests that this court instruct the trial court not to reappoint the public defender's office on remand.  Defendant also claims that cumulatively, the errors violated his due process rights, entitling him to remand for resentencing.  Finally, if we do not remand this matter for resentencing, defendant claims the abstract of judgment requires correction to reflect resentencing on February 24, 2023, and to include updated time credits.

The People concede the firearm enhancement findings must be vacated, but they request the option to retry the allegations.  They also agree that defendant had the right to be present for the resentencing hearing, which requires remand for resentencing.  They contend resolution of that claim in defendant's favor renders it unnecessary to reach his remaining claims.

In reply, defendant argues the prosecution should not be given an opportunity to retry the firearm enhancement allegations because, first, retrial was within the scope of the remittitur in *Rodriguez I*, and, second, having elected not to retry the gang enhancement allegations, the prosecution should not be given a second chance to retry the

now-dismissed section 186.22 violation for the purpose of proving the firearm enhancements. In supplemental briefing, defendant advances a public policy argument against a retrial opportunity, and he claims permitting retrial would violate his due process rights.

**DISCUSSION**

## I. Errors on Remand

In *Rodriguez I*, this court vacated the gang enhancement findings attached to counts I through III in light of Assembly Bill 333 and remanded the matter to the trial court, with instructions to resentence defendant and forward an amended abstract of judgment to the appropriate authorities if the prosecution did not elect to retry him on the gang enhancements within 60 days from the filing of the remittitur in the trial court. Two errors occurred that require this court to again remand the matter. First, defendant was not present for the proceedings and there is no indication he waived his presence. Second, the trial court failed to conduct a full resentencing hearing. Instead, the court merely directed the issuance of an amended abstract of judgment to omit the gang enhancement findings that were dismissed.

### A. Trial Court Proceedings

At the first hearing following issuance of the remittitur, defendant's appellate counsel made a special appearance on his behalf for the purpose of putting the matter on calendar and ensuring appointment of counsel. Appellate counsel noted the public defender's office represented Alvarez and defendant had conflict counsel at trial. The trial court appointed the public defender's office to represent defendant for resentencing, pending its declaration of a conflict, and ordered defendant, who was not present, excused.

Four days later, the court held another hearing, noted that defendant was not present and was ordered excused, and set another hearing one month out so defense counsel could communicate with defendant to find out if he wanted to be present. At the

6.

hearing one month later, the court stated the matter was back for resentencing and defendant was not present. The deputy public defender stated his office was able to represent defendant "as far as [he could] tell." The prosecutor elected not to retry the gang enhancements, particularly since the punishment was stayed,[3] and moved to dismiss them. The court noted the enhancements did not add any additional time to defendant's sentence and ordered an amended abstract of judgment. No party raised the issue of or objected to defendant's absence or the need for full resentencing.

Defense counsel placed the matter on calendar for another hearing one week later. The court noted defendant was not there and was ordered excused. Defense counsel stated he placed the matter on calendar to protect defendant's rights and explained, "Court and counsel appear to have read the remitt[itur] to be narrowly tailored to the [section] 186.22, which is supported under the fault line, which is in [the] remitt[itur] where if no response is filed within 60 days, the [section] 186.22 is stricken and the new abstract is sent absent any action by the parties. [¶] However, the removal of the [section] 186.22 could call into the question the validity of the [section] 12022.53, [subdivisions ](d)/(e)(1), which it would involve the Court ordering a full resentencing. [¶] Based on that, to protect [defendant's] rights, I wanted to supplement the record to note an objection to the abstract and preserve the record for any future appellate issues."

The prosecutor responded, "I think from my discussions the [section] 186.22, [section 12022.]53[, subdivision ](d) is separate and technically independent based on the facts of [section] 186.22, [section 12022.]53[, subdivision ](d). [¶] However, I agree with [counsel]. That requires a different analysis for the purposes of what would have to happen at the appellate level."

---

**3** As previously summarized, defendant is serving a sentence of 78 years to life for murder and attempted murder, with an additional 75 years to life attributable to the firearm enhancements. The 10-year gang enhancements were imposed and stayed. (§ 12022.53, subd. (j).)

The trial court said, "Okay," and the proceeding was adjourned.

## B.     Violation of Defendant's Right to Personally Appear

As an initial matter, a criminal defendant has a constitutional and statutory right to be present at all critical stages, including sentencing. (*People v. Nieves* (2021) 11 Cal.5th 404, 508; accord, *People v. Robertson* (1989) 48 Cal.3d 18, 60; Cal. Const., art. I, § 15; §§ 977, subd. (b)(1), 1193.) "As a matter of both federal and state constitutional law, however, a defendant may validly waive his or her right to be present during a critical stage of the trial, [including sentencing,] provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633; accord, *Nieves, supra*, at p. 508.) Further, a defendant may waive his statutory right to be present at sentencing. (*Robertson, supra*, at pp. 61–62; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110; §§ 977, subd. (b) [presence of the defendant], 1043, subd. (d) [presence at trial], 1193 [presence for pronouncement of judgment].)

Defendant did not appear at any of the four hearings following remand and while the trial court noted repeatedly that he had been excused, the record is devoid of any evidence that he knowingly, intelligently, and voluntarily waived his right to be present for resentencing or other proceedings. Given this court's instruction to resentence defendant and absent a valid waiver of his appearance, defendant's constitutional and state statutory rights were violated. Moreover, in view of the trial court's failure to conduct a full resentencing hearing, at which the court and the parties would presumably have discussed issues relevant to resentencing, including the viability of the firearm enhancements, the error was not harmless under either federal or state law. (*People v. Davis* (2005) 36 Cal.4th 510, 532–533.) The parties agree on these points, and remand for resentencing is required, irrespective of the other claimed errors.

## C.     Failure to Resentence Defendant

Following the prosecution's election not to retry the gang enhancement allegations, defendant was entitled to a full resentencing. (*People v. Valenzuela* (2019) 7

8.

Cal.5th 415, 424–425; *People v. Buycks* (2018) 5 Cal.5th 857, 893–894.) However, because the gang enhancements had been stayed and did not affect the length of defendant's sentence, the trial court merely directed the issuance of an amended abstract of judgment, as discussed. This was a separate error, as that limited action did not comport with this court's instructions to the trial court in *Rodriguez I* and it deprived defendant of his right to a full resentencing hearing. As discussed next, it also likely explains the failure to address the firearm enhancements, an issue defense counsel belatedly recognized.

On remand, defendant is entitled to be fully resentenced, either after a prosecutorial election not to retry the firearm enhancement allegations or after retrial of those allegations.[4]

## II. Firearm Enhancement Findings

The main point of contention between the parties is retrial of the firearm enhancement allegations. As previously summarized, defendant was charged with one count of murder and two counts of attempted murder based on a shooting he committed with his cousin. As to each count, the prosecution alleged a firearm enhancement under section 12022.53, subdivisions (d) and (e)(1), which confers liability on *a* principal for using a firearm to commit an offense *if* the person violated section 186.22, subdivision (b), and *any* principal committed any act under subdivisions (b), (c), or (d) of the statute. As it relates to the charges in this case, the statute provides that "a person who, in the commission of [murder or attempted murder], personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to a person other than an accomplice, shall be punished by an

---

**4** Although the trial court failed to conduct a full resentencing hearing as required and there were irregularities in the proceedings it conducted, on this record, we discern no basis for characterizing the hearing as something other than it was—a deficient resentencing hearing following which defendant timely appealed.

additional and consecutive term of imprisonment in the state prison for 25 years to life." (§ 12022.53, subd. (d).)  The enhancement "shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved:  [¶] (A) The person violated subdivision (b) of Section 186.22.  [¶]  (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d)."  (*Id.*, subd. (e)(1).)

Thus, the violation of section 186.22, subdivision (b), is an element of the firearm enhancement charged in this case.  In *Rodriguez I*, based on changes to section 186.22 effected by Assembly Bill 333, we vacated the jury's findings under section 186.22, subdivision (b).  The parties agree that because the firearm enhancement allegations in this case depended on the jury finding a violation of section 186.22, subdivision (b), the jury's finding on that matter was vacated in light of Assembly Bill 333, and the prosecution elected not to retry the gang enhancement allegations, the firearm enhancement findings must now also be vacated.  (*People v. Lopez* (2021) 73 Cal.App.5th 327, 346–348, disapproved on another ground by *People v. Clark* (2024) 15 Cal.5th 743, 764, fn. 8.)

The double jeopardy clause does not bar retrial where, as here, the reversal is not "'based on the insufficiency of the evidence required to prove a violation of the statute as it read at the time of trial .…'"  (*People v. Sek* (2022) 74 Cal.App.5th 657, 669–670 (*Sek*); accord, *People v. Salgado* (2022) 82 Cal.App.5th 376, 380–381; *People v. Ramos* (2022) 77 Cal.App.5th 1116, 1128, disapproved on another ground by *People v. Burgos* (2024) 16 Cal.5th 1, 31.)  "'"'Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence.'"'"  (*Sek, supra*, at pp. 669–670.)

However, defendant advances two main arguments against providing the prosecution with the opportunity to retry the firearm enhancements on remand.  First, defendant argues that the prosecution had the opportunity to elect retrial of the gang

enhancements on remand in *Rodriguez I*, and because a finding on the gang enhancement is an element of the firearm enhancement, the opportunity to retry the firearm enhancement was necessarily included within the scope of the disposition in *Rodriguez I*. Relatedly, defendant argues that because proving the firearm enhancement requires the prosecution to prove the gang enhancement, permitting the prosecution the option to retry the firearm enhancement gives the prosecution a second chance to retry a violation of section 186.22. Second, defendant leans on the public policy considerations articulated in *Kellett* and *DeLouize*. (*Kellett v. Superior Court* (1966) 63 Cal.2d 822, 825 (*Kellett*); *People v. DeLouize* (2004) 32 Cal.4th 1223, 1232 (*DeLouize*).) Although he concedes those decisions are not directly on point, he argues that the considerations underlying the decisions apply here. Citing *Hicks*, he also argues that permitting the prosecution the opportunity to retry the firearm enhancement would constitute "an arbitrary disregard of his right to liberty," thereby violating the petitioner's right to due process. (*Hicks v. Oklahoma* (1980) 447 U.S. 343, 345–346 (*Hicks*).) We are not persuaded.

With respect to defendant's first argument, it is true that violation of section 186.22, subdivision (b), is an element of the firearm enhancement under section 12022.53, subdivisions (d) and (e)(1). However, it does not necessarily follow that the decision vacating the gang enhancements also vacated the firearm enhancements. This court did not consider that issue in *Rodriguez I* and the relief granted did not include vacatur of the firearm enhancements. (*People v. Brown* (2012) 54 Cal.4th 314, 330 ["cases are not authority for propositions not considered"]; *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363–364 ["If a party's briefs do not provide legal argument and citation to authority on each point raised, '"the court may treat it as waived, and pass it without consideration."'"].) This would not have prevented the parties and the trial court from taking up the issue on remand and had the court conducted a full resentencing hearing following the prosecution's election not to retry the gang enhancements, we think it likely the issue would have been recognized. (*People v. Lopez*

11.

(2025) 17 Cal.5th 388, 396 (*Lopez*) ["The scope of the superior court's jurisdiction as defined by a remittitur does not prevent the retroactive application of ameliorative laws."].)  That is not what occurred, however.

We also reject defendant's related argument that because violation of section 186.22, subdivision (b), is an element of the firearm enhancement under section 12022.53, subdivisions (d) and (e)(1), permitting the prosecution the opportunity to retry the firearm enhancements constitutes a second bite at the apple with respect to the gang enhancements.  The prosecution was permitted the opportunity to retry the gang enhancement allegations under section 186.22, subdivision (b), and it declined to do so. Because the firearm enhancements were not vacated in *Rodriguez I*, either in this court or on remand, the prosecution was not called upon to make a retrial election on that charge and did not do so.  That a violation of the gang statute is one element of the firearm enhancement does not transform the prosecution's election as to the gang enhancement into an election as to the firearm enhancement.

Finally, we also reject defendant's reliance on public policy considerations.  *Kellett* involved the issue of multiple prosecutions and the court concluded, "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively.  When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted.  When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause.  Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial

12.

proceedings culminate in either acquittal or conviction and sentence." (*Kellett, supra*, 63 Cal.2d at p. 827, fn. omitted.)

In *DeLouize*, the California Supreme Court considered whether the trial court is prohibited from reconsidering its order granting a new trial motion and concluded it was not. (*DeLouize, supra*, 32 Cal.4th at p. 1226.) The court explained, "Orders and judgments are deemed final in the superior court, and not subject to reconsideration by that court, to preserve confidence in the integrity of judicial procedures and to avoid the delays and inefficiencies associated with repeated examination and relitigation of the same facts and issues. [Citation.] The concept of finality 'rests upon the sound policy of limiting litigation by preventing a party who has had one fair adversary hearing on an issue from again drawing it into controversy and subjecting the other party to further expense in its reexamination.' [Citations.] This court has recognized that '[e]ndless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice .…'" (*Id.* at p. 1232.) In determining that an order granting a new trial is an interim order subject to reconsideration (*id.* at p. 1233), the court explained that "reconsideration of an erroneously granted new trial promotes confidence in the judicial system, conserves judicial resources, and spares the parties from the inconvenience and expense of a second trial. In short, recognizing trial courts' authority to reconsider orders granting new trials will often result in less trial court litigation, not more, and an earlier rather than a later resolution of the case in the trial court" (*id.* at p. 1232).

Finally, *Hicks* involved an Oklahoma state law that entitled criminal defendants to have their punishment fixed by the jury. (*Hicks, supra*, 447 U.S. at p. 345.) In accordance with a habitual offender statute under which the defendant was convicted, the jury imposed a mandatory term of 40 years. (*Id.* at pp. 345–346.) The statute was subsequently declared unconstitutional, but, on review, the appellate court affirmed the defendant's conviction and the 40-year sentence on the ground that the sentence was still *within* the range that could have been imposed. (*Id.* at p. 346.) The United States

13.

Supreme Court vacated the judgment and remanded for further proceedings (*id.* at p. 347), explaining, "The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, [citation], and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State" (*id.* at p. 346). The state's denial of that right "simply on the frail conjecture that a jury *might* have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision" was arbitrary and a denial of the defendant's right to due process. (*Ibid.*)

None of these cases is analogous, as defendant acknowledges, and we are not persuaded that the policy considerations discussed in *Kellett* and *DeLouize*—needless harassment, waste of public funds, and endless litigation contravening the interest in finality—are implicated in this case, given the anomalous nature of the error.[5] Nor is the state attempting to infringe upon a protected liberty interest arbitrarily and capriciously without affording defendant due process of law.

Rather, defendant, whose judgment is not yet final, is entitled to the benefit of the ameliorative change in the law effected by Assembly Bill 333. (*Lopez, supra*, 17 Cal.5th at p. 396.) In light of the changes to section 186.22 pursuant to Assembly Bill 333, he sought and was granted vacatur of the gang enhancement findings, which were not supported by substantial evidence under the law as amended. It is unclear why relief from the firearm enhancement was not raised in the trial court once the prosecution elected not to retry the gang enhancement allegations, but it remains that because a violation of section 186.22 is an element of the firearm enhancement under

---

[5] In his supplemental reply brief, defendant states rather than barring retrial of the firearm enhancements directly, public policy concerns bar retrial of the gang enhancements, thereby precluding retrial of the firearm enhancements. We are unpersuaded.

section 12022.53, subdivisions (d) and (e)(1), and the prosecution elected not to retry the gang enhancement, the firearm enhancements cannot stand.

In this circumstance, double jeopardy does not bar retrial and the prosecution is entitled to the opportunity to retry the now-vacated firearm enhancements. (*Sek, supra*, 74 Cal.App.5th at p. 669.) The prosecution was afforded that opportunity with respect to the gang enhancement allegations and decided against retrial. As neither the parties nor the trial court considered the issue on remand, and the court failed to conduct a full resentencing hearing, the prosecution was not afforded that opportunity with respect to the firearm enhancements. We decline to assign the full weight of fault for this omission to the prosecution under the circumstances in this case.[6] While the prosecution may not revive the dismissed gang enhancement allegations, it is not precluded from making an election to retry the firearm enhancements simply because it must prove a violation of section 186.22 as an element of section 12022.53, subdivisions (d) and (e)(1).

Accordingly, we vacate the jury's firearm enhancement findings and defendant's sentence. On remand, the prosecution may elect to retry the firearm enhancement allegations within 60 days. Defendant shall be resentenced in full following either the prosecution's election not to retry the firearm enhancement allegations or the retrial of those enhancements. In light of this disposition, we do not reach defendant's other claims, including that his right to conflict-free counsel was violated by the appointment

---

[6] Notably, legislative change has fundamentally altered the landscape of criminal law over the past several years, leading to many issues of first impression and numerous splits of authority. Given the generally unsettled nature of the law and the irregular proceedings on remand, the circumstances in this case simply do not support precluding the prosecution from retrying the firearm enhancements in the name of curbing harassment, waste, or delay. Assembly Bill 333 has undoubtedly burdened the courts as a practical matter, but as *Lopez* recognized, "In light of [*In re*] *Estrada* [(1965) 63 Cal.2d 740], we presume the Legislature was aware that retroactive application of Assembly Bill 333 would result in the retrial of gang offenses and enhancements. If the Legislature wished to avoid such retrials, it could have 'provide[d] for a different or more limited form of retroactivity, or for no retroactivity at all.'" (*Lopez, supra*, 17 Cal.5th at p. 399.)

of the public defender and that there are errors in the abstract of judgment.  Those issues may be, *and should be*, addressed by the parties and the trial court on remand.  We also do not reach the People's argument that they may retry the firearm enhancements under section 12022.53, subdivision (d), as that issue was not raised in the trial court in the first instance.

## DISPOSITION

On all three counts, the firearm enhancement findings under section 12022.53, subdivisions (d) and (e)(1), are vacated in light of Assembly Bill 333.  Defendant's sentence is vacated and this matter is remanded for further proceedings.  The prosecution shall have the opportunity to retry the firearm enhancement allegations under section 12022.53, subdivisions (d) and (e)(1), within 60 days of filing the remittitur in the trial court.  (§ 1382, subd. (a)(2).)  The trial court shall proceed to fully resentence defendant following either the prosecution's election not to retry the firearm enhancements or retrial of the firearm enhancements.  Following full resentencing, the trial court shall cause a new abstract of judgment that includes an updated custody credit calculation to be forwarded to the appropriate authorities.  In all other respects, defendant's judgment is affirmed.